## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC.<br>501 School Street, S.W., Suite 500<br>Washington, DC 20024,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES SECRET SERVICE<br>245 Murray Drive<br>Building 410<br>Washington, DC 20223,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

## COMPLAINT FOR DECLARATORY AND
## INJUNCTIVE RELIEF

Plaintiff Judicial Watch, Inc. brings this action against Defendant United States Secret Service to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Judicial Watch, Inc. alleges as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.      Plaintiff Judicial Watch, Inc. is a non-profit, educational organization incorporated under the laws of the District of Columbia and having its principal place of business at 501 School Street, S.W., Suite 500, Washington, DC 20024.

4.      Defendant United States Secret Service is an agency of the United

States Government.  Defendant has its principal place of business at 245 Murray Drive, Building

410, Washington, DC 20223.  Defendant has possession, custody, and control of records to

which Plaintiff seeks access.

**STATEMENT OF FACTS**

5.      On January 20, 2006, Plaintiff sent a FOIA request to Defendant, by facsimile and

by certified U.S. mail, return receipt requested, seeking access to the following records:

> All White House visitor logs from January 1, 2001 to present that reflect the
> entries and exit(s) of lobbyist Jack Abramoff from the White House.

6.      Plaintiff's January 20, 2006 FOIA request also sought a waiver of both search and

duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II), 5 U.S.C. § 552(a)(4)(A)(iii), and 5

C.F.R. § 16.11(k)(2)(i) - (iv).

7.      On or about February 2, 2006, Defendant sent Plaintiff a letter acknowledging

receipt of Plaintiff's FOIA request on January 23, 2006.  The letter stated that a search for

records responsive to the request was being conducted and informed Plaintiff that it would be

notified when the results of the search were known.  No other information, other than a reference

number for the request, was included in the letter.

8.      Pursuant to 5 U.S.C. § 552(a)(6)(a)(i), Defendant's response to the request was

due on or before February 21, 2006.  On or before that date, Defendant was required to determine

whether to comply with the request and immediately notify Plaintiff of its determination, the

reasons therefor, and the right to appeal any adverse determination.

-2-

9.      Defendant failed to produce records responsive to Plaintiff's January 20, 2006

FOIA request on or before February 21, 2006 or claim that such records are exempt from

production under 5 U.S.C. § 552(b).  It also failed to notify Plaintiff of any determination

whether to comply with the request, the reasons therefor, or the right to appeal any adverse

determination.  Defendant also failed to invoke the provisions set forth in 5 U.S.C. §

552(a)(6)(B) for extending the time limit to respond to the request.

10.     As of February 22, 2006, Plaintiff has received no response to its January 20,

2006 FOIA request.  Nor has it received any determination whether Defendant will comply with

the request, the reasons therefor, or the right to appeal any adverse determination.

11.     Because Defendant failed to comply with the time limit set forth in 5 U.S.C. §

552(a)(6)(A) or extend that time limit pursuant to 5 U.S.C. § 552(a)(6)(B), Plaintiff is deemed to

have exhausted any and all administrative remedies with respect to its January 20, 2006 FOIA

request, pursuant to 5 U.S.C. § 552(a)(6)(c).

### COUNT 1
(Violation of FOIA)

12.     Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

WHEREFORE, Plaintiff respectfully requests that the Court:  (1) declare Defendant's

failure to comply with FOIA to be unlawful; (2) enjoin Defendant from continuing to withhold

records responsive to Plaintiff's January 20, 2006 FOIA request; (3) order Defendant to produce

all responsive records not subject to claims of exemption and a *Vaughn* index of allegedly

exempt records by a date certain; (4) award Plaintiff attorney's fees and other litigation costs

-3-

reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant such other

relief as the Court deems just and proper.

Respectfully submitted,

JUDICIAL WATCH, INC.

Paul J. Orfanedes
D.C. Bar No. 429716
Suite 500
501 School Street, S.W.
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*