**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 1:06CV00310 (JGP) |
| v. | ) | |
| | ) | |
| U.S. SECRET SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Judicial Watch, Inc., by counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby moves for partial summary judgment on its Freedom of Information Act ("FOIA") claim against Defendant U.S. Secret Service.[1]  As grounds therefor, Plaintiff states as follows:

**MEMORANDUM OF LAW**

**I.    Introduction.**

Plaintiff is entitled to partial summary judgment because Defendant has failed to comply with its obligations under the Freedom of Information Act, 5 U.S.C. § 552.  As shown below, Defendant not only failed to respond to Plaintiff's January 20, 2006 FOIA request within the 20-

---

[1] Rule 56(a) of the Federal Rules of Civil Procedure states that a Plaintiff "may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." In contrast, 5 U.S.C. § 552 (a)(4)(C) states that "the defendant shall serve an answer or otherwise plead to any complaint made under this subsection within thirty days after service upon the defendant of the pleading in which such complaint was made, unless the court otherwise directs for good cause is shown." Pursuant to these rules, Defendant has not yet filed an answer in this case, nor entered an appearance, and Plaintiff thus is uncertain on whom to serve the instant motion. Once Defendant has entered an appearance, Plaintiff will provide notice of the instant motion to opposing counsel.

day time period required by law, but also failed to invoke the extension of time provisions expressly set forth under FOIA. Under the circumstances, Plaintiff respectfully submits that it is entitled to entry of partial summary judgment. The summary judgment should declare that Defendant has failed to comply with its obligations under FOIA and should require Defendant to conduct a reasonable search and to produce all non-exempt, responsive records and a *Vaughn* index by a date certain.

## II.    **Factual Background**.

This case came about as a result of Plaintiff's investigation into the activities of well-known lobbyist Jack Abramoff. Mr. Abramoff raised over $100,000 for the reelection of President George W. Bush and was closely allied with former U.S. House of Representatives Majority Whip Tom Delay in an effort to increase the power and influence of Republican lobbyists in Washington, DC. On January 3, 2006, Mr. Abramoff pled guilty to tax evasion and to defrauding several Native American Indian tribes. On January 4, 2006, Mr. Abramoff also pled guilty in a federal court in Ft. Lauderdale, Florida to charges of conspiring to commit wire fraud and mail fraud, and to a separate charge of wire fraud. He currently is cooperating with a federal investigation into all of his various political and business dealings.

In furtherance of its investigation into this matter, on January 20, 2006, Plaintiff sent Defendant a FOIA request seeking access to any and all records concerning or relating to the following subjects:

> • All White House visitor logs from January 1, 2001 to present that reflect the entries and exit(s) of lobbyist Jack Abramoff from the White House.

*See* Plaintiff's Statement Of Material Facts In Support Of Motion for Partial Summary Judgment

("Plaintiff's Statement") at ¶ 2.

On or about February 2, 2006, Plaintiff received a letter from Kathy J. Lyerly, Freedom of Information & Privacy Acts Officer, acknowledging receipt of Plaintiff's January 20, 2006 request. The letter informed Plaintiff that a search for documents had been initiated, but did not provide any information about when that search would be completed or when or whether responsive documents would be produced. *See* Plaintiff's Statement at ¶ 3.

Pursuant to the statutorily-mandated, 20-day deadline, Defendant's response to the request was due on or before February 21, 2006. 5 U.S.C. § 552(a)(6)(A)(I). However, no responsive records were produced on or before that deadline, nor was Plaintiff notified that responsive records were being withheld under any claim of exemption. *See* Plaintiff's Statement at ¶4.

As of February 22, 2006, Defendant had not produced a single responsive document, asserted any claims of exemption, or provided even an estimate as to when Plaintiff could expect Defendant to complete its processing of the request. *Id.* at ¶5. Plaintiff thus initiated this action seeking to compel compliance with FOIA.

As of March 16, 2006, Defendant still has not produced any responsive documents, asserted any claims of exemption, or otherwise provided any substantive response to Plaintiff's FOIA request. *Id.* at ¶5.

## III.   <u>Argument</u>.

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Where the non-moving party has the burden of proof on an issue, the moving party is entitled to summary

judgment if it shows the absence of evidence to support the non-moving party's claim or defense

on which it has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326-327 (1986). In

addition:

> [I]n cases in which the nonmoving party will bear the burden of proof at trial, the
> movant can seek summary judgment by establishing that the opposing party has
> insufficient evidence to prevail as a matter of law, thereby forcing the opposing
> party to come forward with some evidence or risk having judgment entered
> against him.

10A Charles Alan Wright, Arthur Miller, & Mary Kay Kane, *Federal Practice And Procedure* §

2727, n.41 (3rd ed. 2001).

In a FOIA case, the government has the burden of proving compliance with FOIA by

showing that it produced responsive records on time, that the records do not exist, or that an

exemption from disclosure applies on the facts. 5 U.S.C. § 552(a)(4)(B); *Kronberg v. United*

*States Dep't of Justice*, 875 F. Supp. 861, 865 (D.D.C. 1995) ("In order for summary judgment to

be appropriate in favor of the government in a FOIA case, the government must prove 'that each

document that falls within the class requested either has been produced, is unidentifiable, or is

wholly exempt from [the FOIA's] inspection requirements.'") (citing *National Cable Television*

*Ass'n. v. FCC*, 479 F.2d 183, 186 (D.C. Cir. 1973)). Thus, a court should grant summary

judgment in favor of a FOIA requestor unless an agency proves that it produced all responsive

records in a timely manner or demonstrates facts showing that the responsive records at issue

were exempt from disclosure.

Here, the facts clearly show that Defendant did not comply with its FOIA obligations.

There is no genuine dispute that Defendant was required to produce all responsive documents

and/or assert claims of exemption within the statutorily mandated, 20-day time period, but failed

4

to do so. In addition, there is no genuine dispute that Defendant failed to invoke the extension of time provisions of 5 U.S.C. § 552 (a)(6)(B). As shown above, Defendant has had Plaintiff's FOIA request for well over one month and has failed to produce any responsive records to Plaintiff, assert any claims of exemption, or otherwise respond to the request in a substantive manner.

**IV.    Conclusion.**

FOIA requires timely and complete responses to requests for government records and Defendant cannot unilaterally extend its statutorily-mandated deadlines as it sees fit. For all the above reasons, partial summary judgment should be entered in Plaintiff's favor declaring that Defendant has failed to comply with its obligations under FOIA and compelling Defendant to complete its search for documents responsive to Plaintiff's January 20, 2006 request and produce all non-exempt, responsive records and a *Vaughn* Index by a date certain.

Respectfully submitted,

JUDICIAL WATCH, INC.

Paul J. Orfanedes
D.C. Bar No. 429716

Jason B. Aldrich
D.C. Bar No. 495488
Suite 500
501 School Street, S.W.
Washington, DC 20024
(202) 646-5172

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 1:06CV00310 (JGP) |
| v. | ) | |
| | ) | |
| U.S. SECRET SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Plaintiff Judicial Watch, Inc., by counsel and pursuant to Local Civil Rule 56.1, respectfully submits the following statement of facts in which there is no genuine issue or dispute:

1.      Plaintiff is a non-profit organization headquartered in Washington, D.C.

*See* Affidavit of Christopher J. Farrell ("Farrell Affidavit") at ¶ 2.

2.      On January 20, 2006, Judicial Watch, Inc., sent a Freedom of Information Act ("FOIA") request to Defendant U.S. Secret Service ("Secret Service"), by facsimile and certified U.S. mail, return receipt requested, seeking access to any and all records concerning or relating to the following subjects:

• All White House visitor logs from January 1, 2001 to present that reflect the entries and exit(s) of lobbyist Jack Abramoff from the White House.

*See* Farrell Affidavit at ¶ 3.

3.      On or about February 2, 2006, Plaintiff received a letter from Kathy J. Lyerly, Freedom of Information & Privacy Acts Officer, acknowledging receipt of Plaintiff's January 20, 2006 request.  The letter informed Plaintiff that a search for documents had been initiated, but

did not provide any information about when that search would be completed or when or whether responsive documents would be provided. *Id.* at ¶ 4.

4.    Pursuant to the statutorily-mandated, 20-day deadline, Defendant's response to the request was due on February 21, 2006. 5 U.S.C. § 552(a)(6)(A)(i). However, no responsive records were produced on or before that deadline, nor was Plaintiff notified that responsive records were being withheld under any claim of exemption. *Id.* at ¶ 5.

5.    As of February 22, 2006, the date Plaintiff filed suit, Defendant had not produced a single responsive document, asserted any claims of exemption, or provided even an estimate as to when Plaintiff could expect Defendant to complete its processing of the request. *Id.* at ¶ 6.

6.    As of March 16, 2006, Defendant still has not produced any responsive documents, asserted any claims of exemption, or otherwise provided any substantive responsive to Plaintiff's FOIA request. *Id.* at ¶ 7.

Respectfully submitted,

JUDICIAL WATCH, INC.

Paul J. Orfanedes
D.C. Bar No. 429716

Jason B. Aldrich
D.C. Bar No. 495488
Suite 500
501 School Street, S.W.
Washington, DC 20024
(202) 646-5172

Attorneys for Plaintiff

2