IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., | ) |
|     Plaintiff, | ) |
|     v. | ) Case No. 1:06-CV-00310 (JGP) |
| UNITED STATES SECRET SERVICE, | ) |
|     Defendant. | ) |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT
UNITED STATES SECRET SERVICE TO COMPLY
WITH THIS COURT'S ORDER AND FOR SANCTIONS**

Plaintiff, Judicial Watch, Inc. ("Judicial Watch"), respectfully files this motion to compel the United States Secret Service ("Secret Service") to comply with the Joint Stipulation And Agreed Order issued by this Court on April 25, 2006 ("Order") and for sanctions against the Secret Service for its flagrant violation of the Order. The grounds for Judicial Watch's motion are set forth below and in its accompanying memorandum of law filed in support of its motion.

1. The Secret Service has defied the Court's Order directing the Secret Service to "produce any and all documents responsive to Plaintiff's [Judicial Watch's] January 20, 2006 Freedom of Information Act request, without redactions or claims of exemption, on or before May 10, 2006." *See*, Joint Stipulation And Agreed Order ("Order"), ¶ 2, attached as Exhibit 1. Judicial Watch's January 20, 2006 Freedom of Information Act ("FOIA") request (referenced in the Order) sought "any and all agency records concerning, relating to, or reflecting the following

1

subjects: All White House visitor logs from January 1, 2001 to present that reflect the entries and exits of lobbyist Jack Abramoff from the White House." *See*, letter dated January 20, 2006 from Christopher J. Farrell to Latita M. Huff, attached as Exhibit 2.

    2. On May 10, 2006, the Secret Service produced a mere two pages of documents in purported compliance with the Court's Order. *See*, two pages of documents produced by the Secret Service, attached as Exhibit 3. The two pages produced by the Secret Service are titled, respectively, "Access Control Records Report" and "NWHACS - Access Control Records." *Id*. These two pages, which are dated March 3, 2006, are <u>not</u> White House visitor logs required to be produced under the Order. They are merely summaries of selected information from the Secret Service's database of information concerning only two visits by Jack Abramoff to the White House on March 6, 2001 and January 20, 2004. The Secret Service maintains White House visitor logs known as Workers Appointments and Visitors Entry System records ( "WAVES" logs) in the ordinary course of business. *See e.g.*, WAVES logs produced by the Secret Service in an unrelated case, attached as Exhibit 4. WAVES logs are clearly a type of visitor log responsive to Judicial Watch's FOIA request, and <u>all</u> such visitor logs are required to be produced by the Secret Service pursuant to the Court's Order. It is inconceivable that Abramoff's visits to the White House were not recorded as a matter of Secret Service routine in its WAVES logs. The Secret Service, nevertheless, failed to produce any WAVES logs to Judicial Watch concerning Abramoff's visits to the White House.

    These WAVES logs would have identified the <u>other</u> visits to the White House by Mr. Abramoff. For example, the White House has publically acknowledged several Abramoff visits, such as on May 19, 2001, Hanukkah receptions in 2001 and 2002, and some additional "staff-

level meetings." *See*, January 30, 2006 article in *Time* magazine entitled "When George Met Jack; White House aides deny the President knew lobbyist Jack Abramoff, but unpublished photos shown to TIME suggest there's more to the story," attached as Exhibit 5; January 18, 2006 article by the *Associated Press* entitled "White House Silent on Abramoff Meetings," attached as Exhibit 6; February 20, 2006 article in *Time* magazine entitled "Abramoff's Kodak Moment," attached as Exhibit 7. The summary documents the Secret Service produced to Judicial Watch on May 10, 2006 do <u>not</u> show the Abramoff visits on May 19, 2001 or on the dates of the Hanukkah receptions in 2001 and 2002. Thus, the documents produced by the Secret Service fail to show Abramoff visits that the White House admits were made by Abramoff.

      Furthermore, in a May 11, 2006 article in *The New York Times* entitled "Abramoff Visits in White House Logs Are Linked to Rove and a Budget Aide," reporter Philip Shenon wrote: "Two other administration officials, speaking on the condition of anonymity because of rules that generally bar them from speaking to reporters, said the White House had decided that the settlement of the lawsuit did not require other, more complete visitor logs to be made public. They said the more complete logs, known within the White House as WAVES records, an acronym for the Workers Appointments and Visitors Entry System, would have identified the other visits by Mr. Abramoff." *See*, *The New York Times* article attached as Exhibit 8.

      Not only do the summary documents produced by the Secret Service fail to disclose information about <u>all</u> of Abamoff's visits to the White House, but they even omit critical information about the Abramoff visits to the White House shown on the documents. For instance, there is no indication who Abramoff visited on March 6, 2001 and January 20, 2004. The Secret Service routinely requests and records this information for all visitors, and there is no

reason to believe that the Secret Service deviated from its normal procedure in the case of Jack Abramoff.

Based upon publicly available information, it is clear that the summary documents produced by the Secret Service fail to disclose all of Abramoff's visits to the White House. Therefore, not only did the Secret Service violate the Court's Order by failing to produce all White House visitor logs pertaining to Abramoff's visits to the White House, but it also intentionally omitted producing critical information about other Abramoff visits to the White House.

3. After reviewing the scant two pages produced by the Secret Service, Judicial Watch advised Justin Sandberg, counsel of record for the Secret Service, in a telephone conversation on May 12, 2006 that the Secret Service's document production failed to comply with this Court's Order because the Secret Service had failed to produce <u>all</u> documents responsive to Judicial Watch's FOIA request, including the WAVES logs. In response, Mr. Sandberg told Judicial Watch that the Secret Service would not produce any additional documents concerning the Abramoff visits to the White House.

4. In a further effort to persuade the Secret Service to show its good faith and abandon its stonewalling, Judicial Watch sent a letter to Mr. Sandberg confirming the substance of their May 12, 2006 telephone conversation and urging the Secret Service to reconsider its position so as to avoid the necessity of a motion to compel the Secret Service to comply with this Court's Order. *See*, letter dated May 12, 2006, from Meredith Di Liberto to Justin Sandberg, attached as Exhibit 9. Judicial Watch received no response to this letter. Unfortunately, the Secret Service continued to show its contempt for this Court's Order and its willingness to defy that Order in the

face of compelling evidence that the Secret Service was hiding information about Abramoff's visits to the White House at the direction of White House officials. Thus, the Secret Service made it necessary for Judicial Watch to file this motion to obtain compliance with the Court's Order.

5. The Secret Service's has failed to produce all documents responsive to Judicial Watch's FOIA request as expressly required by this Court's Order. Therefore, Judicial Watch's motion to compel the Secret Service to comply with the Order should be granted.

6. The Secret Service's contumacious conduct in refusing to comply with this Court's Order also warrants sanctions. By its stubborn stonewalling, the Secret Service has forced Judicial Watch to incur the time and expense of filing this motion to compel the Secret Service to obey the Court's Order. Such conduct justifies an award of sanctions to Judicial Watch in the amount of Judicial Watch's attorney's fees and costs.

7. Furthermore, if the Secret Service makes the indefensible representation to this Court that it has produced all responsive documents to Judicial Watch's FOIA request (as expressly required by the Order) despite the fact that it produced no WAVES logs or other visitor logs and despite the allegation of White House influence reported in *The New York Times*, then this Court should grant Judicial Watch other relief allowing Judicial Watch to take limited discovery of the Secret Service, including but not limited to depositions <u>under oath</u> of all Secret Service officials who had any involvement in this matter or who had any communications with the White House regarding this matter to determine whether the Secret Service is withholding existing, responsive documents or if the Secret Service purged its files of responsive documents after receiving Judicial Watch's FOIA request or in a manner inconsistent with its normal document retention

policy.

WHEREFORE, for all the foregoing reasons and for the reasons set forth in the accompanying Plaintiff's Memorandum In Support Of Its Motion To Compel The Secret Service To Comply With This Court's Order And For Sanctions, Judicial Watch's instant motion should be granted; sanctions should be awarded to Judicial Watch in the amount of its attorney's fees and costs in filing and prosecuting the instant motion; and Judicial Watch should be allowed to take limited discovery under oath of the Secret Service.

Respectfully submitted,

JUDICIAL WATCH, INC.


/s/ Meredith L. Di Liberto
D.C. Bar No. 487733
Suite 500
501 School Street, S.W.
Washington, DC 20024
(202) 646-5172 (office)
(202) 646-5199 (fax)

*Counsel for Plaintiff*


Dated: May 16, 2006