IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES SECRET SERVICE, )<br>)<br>Defendant. )<br>) | Civil Action No. 06-310 (JGP) |

**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the United States Secret Service respectfully moves the Court to dismiss this case for lack of subject matter jurisdiction. The accompanying memorandum sets forth the grounds for this motion.

Dated: May 16, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

CARL J. NICHOLS
Deputy Assistant Attorney General

JOSEPH H. HUNT
OF COUNSEL:                                    Branch Director

MOLLY WEBER                                    s/ Justin M. Sandberg
United States Secret Service                   ELIZABETH J. SHAPIRO
                                               (D.C. Bar No. 418925)

Assistant Branch Director
JUSTIN M. SANDBERG
(Ill. Bar. No. 6278377)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W. #7224
P.O. Box 883 Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-3489
Facsimile:  (202) 616-8202
E-mail:  justin.sandberg@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JUDICIAL WATCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 06-310 (JGP) |
| UNITED STATES SECRET SERVICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**INTRODUCTION**

Plaintiff filed this suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for records from visitor logs for the White House Complex ("the Complex") reflecting Jack Abramoff's visits to the Complex from 2001 until early 2006. Because the Secret Service has now released all responsive records, the case is moot, the court lacks further jurisdiction over it, and it should, accordingly, be dismissed.[1]

For the Court to retain jurisdiction over this FOIA action, plaintiff must demonstrate that defendant has improperly withheld agency records. Plaintiff cannot make this showing. In compliance with its agreement with plaintiff, which was signed by the Court, defendant released the requested records, without redaction, on May 10, 2006. Thus, as plaintiff already has

---

[1] The Secret Service does not concede, through its use of the word "responsive" or otherwise, that the records it has produced or searched are in fact "agency" records, as that term is used in the FOIA. Nevertheless, the Secret Service is not contesting the release of the relevant records in this case, and has not withheld any records on this, or any other, basis.

obtained all that it could receive from a judgment of the court, namely, the release of the documents sought by its FOIA request, the case is moot and the Court lacks jurisdiction.

Plaintiff cannot revive the court's jurisdiction by arguing that defendant conducted an inadequate search or that other responsive documents exist. The Secret Service conducted a reasonable search by querying the relevant records systems, and the declaration of Special Agent Kathy J. Lyerly more than suffices to establish that the Secret Service's search was calculated to uncover all relevant documents. Because the two documents located as a result of that search were produced in full, the Court should dismiss this case as moot.

## BACKGROUND

On January 20, 2006, plaintiff Judicial Watch submitted a FOIA request for all records "concerning, relating to, or reflecting . . . [a]ll White House visitor logs from January 1, 2001 to present that reflect the entries and exits of lobbyist Jack Abramoff from the White House." Complaint for Declaratory and Injunctive Relief ("Complaint"), Feb. 22, 2006, at ¶ 5. The Secret Service acknowledged the request on February 2, 2006, Declaration of Special Agent Kathy J. Lyerly, May 16, 2006, at ¶ 4, and plaintiff filed suit on February 22, 2006. Complaint. On April 25, 2006, the parties entered into a stipulation and order wherein defendant agreed to "produce any and all documents responsive to plaintiff's . . . request without redactions or claims of exemption[ ] on or before May 10, 2006." Joint Stipulation and Agreed Order, April 25, 2006, at 1.

To locate records responsive to plaintiff's request, the Secret Service queried the relevant records systems. Lyerly Decl. at ¶ 9. Those records systems contain (1) Access Control Records System ("ACS") records, and (2) Worker and Visitor Entry System ("WAVES") records. Id. at ¶

2

6. ACS records are generated when a permanent pass holder, worker, or visitor swipes his or her permanent or temporary pass over one of the electronic pass readers located at entrances to and exits from the White House Complex. Id. at ¶ 7. ACS records include information such as the pass holder's name and badge number, the time and date of the swipe, and the post at which the swipe was recorded. Id. WAVES records consist of records generated when information is submitted to the Secret Service about workers and visitors whose business requires their presence at the White House Complex. Id. at ¶ 8. WAVES records include information in addition to that included in ACR records. Id.

On May 10, 2006, in accordance with the stipulation and order, defendant released all responsive documents to plaintiff without claiming any exemptions or withholding any documents or portions of documents. Lyerly Decl. at ¶ 19.

**ARGUMENT**

**PLAINTIFF'S ACTION IS MOOT AND SHOULD BE DISMISSED BECAUSE DEFENDANT, FOLLOWING A REASONABLE SEARCH, HAS RELEASED DOCUMENTS RESPONSIVE TO PLAINTIFF'S REQUEST**

The mootness doctrine requires federal courts to decide only "actual, ongoing controversies." Honig v. Doe, 484 U.S. 305, 317 (1988). Even if an action poses an actual case or controversy when filed, the mootness doctrine requires courts to dismiss it if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." Transwestern Pipeline Co. v. FERC, 897 F.2d 570, 575 (D.C. Cir.1990). When an action becomes moot, federal subject matter jurisdiction disappears, see Arizonans for Official English v. Arizona, 520 U.S. 43, 66-67 (1997), and dismissal under Federal Rule of Civil Procedure 12(b)(1) is appropriate, see Kirkham

v. Société Air France, 429 F.3d 288, 291 (D.C. Cir. 2005).  Pursuant to Rule 12(b)(1), a court may consider matters outside the pleadings to determine whether it has jurisdiction.  Venetian Casino Resort, L.L.C. v. EEOC, 409 F.3d 359, 365 (D.C. Cir. 2005).

"Under 5 U.S.C. § 552(a)(4)(B) [i.e., FOIA], a federal court is authorized only to 'enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld.'"  Perry v. Block, 684 F.2d 121, 125 (D.C. Cir.1982) (quoting 5 U.S.C. § 552(a)(4)(B)).  Therefore, if an agency releases in full all records responsive to a request, "the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made."  Crooker v. U.S. State Dep't, 628 F.2d 9, 10 (D.C. Cir. 1980). See also Drake v. FAA, 291 F.3d 59, 67 (D.C. Cir. 2002) (FOIA claim mooted by virtue of FAA's release of all documents responsive to plaintiff's FOIA request); Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987) (case mooted once agency released all non-exempt material to plaintiff); Perry, 684 F.2d at125 (if appellees have "released all nonexempt material, we have no further judicial function to perform under the FOIA").  In other words, a FOIA case becomes moot once an agency releases all responsive documents because, at that point, the plaintiff has "obtained everything that [it] could recover . . . by a judgment of th[e] court in [its] favor."  Hall v. CIA, 437 F.3d 94, 99 (D.C. Cir. 2006) (internal quotations omitted).

The Court lacks jurisdiction over this action.  Special Agent Lyerly's declaration establishes that defendant has turned over all of the documents that were sought by plaintiff in its FOIA request.  See Lyerly Decl. at ¶ 19.  Therefore, the case is moot, and dismissal pursuant to Rule 12(b)(1) is warranted.  See Drake, 291 F.3d at 67; Tijerina, 821 F.2d at 799; Perry, 684 F.2d at 125; Crooker, 628 F.2d at 10.

Plaintiff cannot avoid dismissal by arguing that defendant has not conducted a reasonable search or that other responsive documents exist.  The declaration of Special Agent Lyerly amply satisfies defendant's obligation to establish the adequacy of its search by "demonstrat[ing] that it has conducted a search reasonably calculated to uncover all relevant documents."  Weisberg v. Dept. of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984); see also Oglesby v. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990) (noting that an agency is not required to search every record system, but must simply show "that it made a good faith effort to conduct a search for the requested records using methods which can be reasonably expected to produce the information requested").  The issue is not "whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*."  Steinberg v. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994).  See also Meeropol v. Meese, 790 F.2d 942, 956 (D.C. Cir. 1986) ("An agency's search need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the specific request.");  Wilbur v. CIA, 273 F. Supp. 2d 119, 124 (D. D.C. 2003) (Collyer, J.), aff'd  355 F.3d 675, 359 (D.C. Cir. 2004); Schrecker v. Dept. of Justice, 217 F. Supp. 2d 29, 33 (D.D.C. 2002) (Lamberth, J.), aff'd on other grounds,  349 F.3d 657 (D.C. Cir. 2003).

To establish the sufficiency of its search, the agency need only explain the "scope and method of the search" in "reasonable detail," Perry, 684 F.2d at 127, in non-conclusory declarations submitted in good faith, see Steinberg, 23 F.3d at 551.  Such declarations "need not be precise," but must show that a good faith effort was made "to conduct a search for the requested records," Schrecker, 217 F. Supp. 2d at 33, 34, and "aver[ ] that all files likely to contain responsive materials . . . were searched[.]"  Wilbur, 273 F. Sup. 2d at 124.  "Agency

5

[declarations] are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" Safecard Services, Inc. v. SEC, 926 F.2d 1197, 1202 (D.C. Cir. 1991) (quoting Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C. Cir.1981)).

There is no question that defendant conducted a search reasonably calculated to identify responsive documents. The ACR System and the WAVES "control[ ] and monitor[ ] access to the [ ] Complex." Id. at ¶ 6. Presidential Protective Division personnel who "conduct [FOIA] searches as part of their regular responsibilities" searched for both ACR and WAVES records. Id. at ¶ 9. Both kinds of records are stored in electronic format that allows them to be searched by visitor name. Id. at ¶¶ 12-13. Presidential Protective Division personnel searched WAVES and ACR records for records with the name "Jack Abramoff." Id. They used the search terms "Jack Abramoff" for the ACR records and the term "Abramoff" for the WAVES records. Id. The search yielded the two responsive ACR records which were released to plaintiff. Id. at ¶¶ 14, 17. No other responsive records (e.g., WAVES records) were found. See id. at ¶¶ 17-18. That defendant found no WAVES records related to the visits reflected by the ACR records is not surprising because defendant does not possess WAVES records for the time period in which those visits took place. See id. at ¶ 11.

Special Agent Lyerly's declaration describes the relevant databases that were searched, the personnel who conducted the search, the search terms that were used, and the records that were found, Lyerly Decl. at ¶¶ 9-14, and thus demonstrates that defendant has conducted and adequately described a reasonable search for responsive documents. See Perry, 684 F.2d at 127 ("in the absence of countervailing evidence or apparent inconsistency of proof, affidavits that

6

explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the FOIA"); Goland v. CIA, 607 F.2d 339, 352 & n.78 (D.C. Cir. 1978) (detailed descriptions of search were adequate to sustain CIA's burden of demonstrating a reasonable search).

## CONCLUSION

For the foregoing reasons, the case is moot, and the Court should dismiss this action for lack of subject matter jurisdiction.

Dated: May 16, 2006                                  Respectfully submitted,

                                                     PETER D. KEISLER
                                                     Assistant Attorney General

                                                     KENNETH L. WAINSTEIN
                                                     United States Attorney

                                                     CARL J. NICHOLS
                                                     Deputy Assistant Attorney General

                                                     JOSEPH H. HUNT
OF COUNSEL:                                          Branch Director

MOLLY WEBER                                          s/ Justin M. Sandberg
United States Secret Service                         ELIZABETH J. SHAPIRO
                                                     (D.C. Bar No. 418925)
                                                     Assistant Branch Director
                                                     JUSTIN M. SANDBERG
                                                     (Ill. Bar. No. 6278377)
                                                     Trial Attorney
                                                     United States Department of Justice
                                                     Civil Division, Federal Programs Branch
                                                     20 Massachusetts Avenue, N.W. #7224
                                                     P.O. Box 883 Ben Franklin Station
                                                     Washington, D.C. 20044
                                                     Telephone:  (202) 514-3489

        Facsimile:  (202) 616-8202
        E-mail:  justin.sandberg@usdoj.gov

        <u>Attorneys for Defendant</u>