# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 06-310 (JGP) |
| UNITED STATES SECRET SERVICE, ) | |
| ) | |
| Defendant. ) | |

## AMENDMENT TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND FOR OTHER SANCTIONS

Plaintiff's motion to compel and for other sanctions (motion to compel) is meritless. That defendant found and released Worker and Visitor Entrance System (WAVES) data potentially related to plaintiff's Freedom of Information Act (FOIA) request after defendant filed its opposition does not change that fact, but it does warrant a clarification of the record.[1] Defendant stands by its earlier-filed opposition except to the extent that the opposition states that defendant did not possess any WAVES records created prior to October 2004 because they had all been transferred to the White House, see, e.g., Defendant's Opposition at 7: Defendant recently discovered to its surprise that this was not the case, as some computer files containing

---

[1] Today, defendant has released to plaintiff documents containing WAVES data relating to six separate appointments involving Jack Abramoff and Access Control Records System (ACR) data matching the data included in the ACR records previously released to plaintiff. See Exhibits 2-5 to Defendant's Reply in Support of Its Motion to Dismiss for Lack of Subject Matter Jurisdiction (Exhibit 1), July 3, 2006. The WAVES data reflect appointments involving Jack Abramoff, but do not necessarily reflect actual visits. See Exhibits 2, 5; Second Declaration of Special Agent Kathy J. Lyerly (Second Lyerly Decl.), July 3, 2006, at ¶ 9. Also, defendant does not concede that the documents it has produced are in fact "agency" records as that term is used in the FOIA or would otherwise be required to be produced under FOIA.

pre-October 2004 WAVES data were found on the hard drives of two of its computers, see Second Declaration of Special Agent Kathy J. Lyerly (Second Lyerly Decl.), July 3, 2006, at ¶¶ 5-9.

Defendant's recent discovery does not undermine its central argument, namely, that plaintiff is not entitled to any relief because defendant fully complied with the stipulation and agreed order by releasing all relevant documents found after a reasonable search. Defendant's Opposition at 5; see also Defendant's Reply in Support of Its Motion to Dismiss for Lack of Subject Matter Jurisdiction (Reply to the Motion to Dismiss), July 3, 2006, at 6-7; Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, May 16, 2006, at 6-7. As the Reply to the Motion to Dismiss demonstrates, the recent discovery of the potentially relevant documents does not establish that the original search was unreasonable (it was not) or that defendant acted in bad faith (it did not). See Reply to Motion to Dismiss at 7-8. To the contrary, "the additional release[ ] suggest[s] a stronger, rather than a weaker, basis for accepting the integrity of the search." Meeropol v. Meese, 790 F.2d 942, 953 (D.C. Cir. 1986).

Plaintiff's arguments fare no better in these new circumstances than they did before. It is still true that the fact that WAVES records are created does not mean that defendant improperly withheld any: Defendant conducted a reasonable search and simply did not find these potentially responsive records, Iturralde v. Comptroller of Currency, 315 F.3d 311, 315 (D.C. Cir. 2003) (noting that even a "reasonable and thorough search" can miss documents); Reply to Motion to Dismiss at 7-8. The New York Times article that discusses the White House's alleged communications with defendant remains inadmissible hearsay, Defendant's Opposition at 8, and in any case, given defendant's personnel's then-existing lack of knowledge of defendant's

possession of pre-October 2004 WAVES data, see Second Lyerly Decl. at ¶ 12 (noting that many of defendant's personnel who conducted FOIA searches did not know about the existence of the WAVES files), still fails to suggest anything about any decision by defendant to withhold records. Finally, plaintiff's arguments about the gaps in the ACR records and the validity of the records that were already released are unaffected by the recently discovered WAVES records: These arguments are plagued by the same logical and factual flaws as before. See Defendant's Opposition at 9-10.

For the reasons stated in Defendant's Opposition to Plaintiff's Motion to Compel and for Other Sanctions, as modified above, the Court should deny plaintiff's motion to compel.

Dated: July 7, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

CARL J. NICHOLS
Deputy Assistant Attorney General

JOSEPH H. HUNT
Branch Director

OF COUNSEL:

MOLLY WEBER
United States Secret Service

s/ Justin M. Sandberg
ELIZABETH J. SHAPIRO
(D.C. Bar No. 418925)
Assistant Branch Director
JUSTIN M. SANDBERG
(Ill. Bar. No. 6278377)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch

        20 Massachusetts Avenue, N.W. #7224
        P.O. Box 883 Ben Franklin Station
        Washington, D.C. 20044
        Telephone: (202) 514-3489
        Facsimile: (202) 616-8202
        E-mail: justin.sandberg@usdoj.gov

        <u>Attorneys for Defendant</u>