IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:06-CV-00310 (JGP) |
| | ) | |
| UNITED STATES SECRET SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION TO STRIKE DEFENDANT'S JULY 7, 2006 AMENDMENT, OR IN THE
ALTERNATIVE, MOTION FOR LEAVE TO REPLY TO THE AMENDMENT**

Plaintiff, Judicial Watch, Inc. ("Judicial Watch"), by counsel and pursuant to Rules 12(f) and 15(a) of the Federal Rules of Civil Procedure and Local Rule 15.1, respectfully submits this motion to strike Defendant U.S. Secret Service's ("Secret Service") July 7, 2006 amendment, or in the alternative, moves for leave to reply to the amendment.[1] As grounds therefor, Plaintiff states as follows:

**MEMORANDUM OF LAW**

**I.    Introduction**.

Following negotiations by both parties, a joint stipulation was submitted on April 19, 2006. According to that joint stipulation and agreed order: (1) Judicial Watch agreed to withdraw its pending motion for partial summary judgment; (2) the Secret Service agreed to produce "any and all documents responsive to Plaintiff's January 20, 2006 Freedom of Information Act request, without redactions or claims of exemption, on or before May 10, 2006";

---

[1]    Counsel for the Secret Service was contacted pursuant to Local Rule 7.1(m) and informed Judicial Watch that it opposed the motion to strike the amendment.

and (3) the Secret Service was given until May 15, 2006 to file a responsive pleading to Judicial Watch's complaint. (Docket No. 7). The Court signed the joint stipulation and agreed order on April 25, 2006.

On May 10, 2006, Secret Service produced a mere two pages of responsive records. After reviewing the two pages, Judicial Watch contacted counsel for the Secret Service to advise him that the Secret Service's document production failed to comply with this Court's Order because it failed to produce all documents responsive to Judicial Watch's FOIA request. Judicial Watch sent the Secret Service a follow-up letter, reiterating Judicial Watch's position and again urging the Secret Service to comply fully with the Order so as to avoid forcing Judicial Watch to incur the time and expense of filing a motion to compel the Secret Service to comply with the Court's Order. On May 16, 2006, not having received a response to its letter, Judicial Watch filed a motion to compel and a motion for sanctions. (Docket No. 12).

On June 1, 2006, the Secret Service filed its opposition to Judicial Watch's motion to compel and for sanctions. (Docket No. 16). In its opposition brief, the Secret Service stated that the motion to compel lacked merit because Judicial Watch's "dissatisfaction with the number and type of documents it received" was not enough to overcome the fact that the Secret Service "did not (and does not) possess the documents that plaintiff seeks." Defendant's Opposition at 1-2.[2] Judicial Watch countered this untenable position in its reply brief filed on June 7, 2006. (Docket No. 17).

---

[2] The Secret Service's claim that it possessed no other responsive records, and in particular, no responsive WAVES logs, was subscribed and sworn to by Special Agent Kathy Lyerly. *See* Declaration of Kathy J. Lyerly (Docket No. 16).

Despite its claim that it did not possess any more responsive records, and in particular, that it did not possess any WAVES logs, on July 7, 2006 the Secret Service informed Judicial Watch that it discovered more responsive records, including WAVES logs. These records include information regarding six (6) additional visits by Jack Abramoff to the White House. The Secret Service attached these records to its reply in support of its motion to dismiss. (Docket No. 22). Also on July 7, 2006, the Secret Service filed an additional document entitled "Amendment to Defendant's Opposition to Plaintiff's Motion to Compel And For Sanctions." (Docket No. 23). The Secret Service did not seek leave to file this amendment or seek Judicial Watch's consent to the filing.

**II.     Argument.**

Rule 12(f) grants the Court the discretion to strike any pleading upon motion by a party or on its own initiative.[3] Judicial Watch does not have a right of reply to the Secret Service's July 7, 2006 amendment, and this motion is being filed within 20 days of the service of that amendment.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend a pleading only prior to the responsive pleading being served; otherwise, the party must seek leave to amend from the court or through written consent of the parties. Judicial Watch's reply to the

---

[3]     This Court has held, that while Rule 12(f) generally applies to those pleadings described in Rule 7(a) of the Federal Rules of Civil Procedure, it has in fact applied the Rule to "filings other than those enumerated in Rule 7(a)." *Bradshaw v. Johanns*, 2005 U.S. Dist. LEXIS 41205, *5, n. 1 (D.D.C. December 22, 2005); *see also Cobell v. Norton*, 213 F.R.D. 33, 33, n. 1 (D.D.C. 2003) (plaintiff's opposition brief struck by Court); *Handy v. Shaw*, 2005 U.S. Dist. LEXIS 20558, *2 (D.D.C. June 1, 2005) (plaintiff's opposition to defendant's notice of discovery struck); *U.S. v. El-Amin*, 2005 U.S. Dist. LEXIS 18900, *1 (D.D.C. August 29, 2005) (motion to strike expert testimony granted).

Secret Service's opposition was served on June 7, 2006; therefore, the time has long-since expired for the Secret Service to amend its opposition as a matter of course. (Docket No. 17). Since the Secret Service neither sought the Court's leave to file the amendment, nor Judicial Watch's consent to file the amendment, the amendment should be disregarded. *See* Local Rule 15.1, *see also Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37, 41, n. 6 (D.D.C. 2002) (respondents unable to amend their initial opposition).

On July 10, 2006, counsel for Judicial Watch informed counsel for Secret Service of its violation of federal and local rules in order to give the Secret Service an opportunity to withdraw the amendment and resubmit it in accordance with proper practice. On July 11, 2006, counsel for Secret Service declined to voluntarily withdraw the amendment. The Court should strike the Secret Service's July 7, 2006 amendment and require the Secret Service to conform to all federal and local rules.

In the event the Court permits the Secret Service's amendment, Judicial Watch respectfully requests leave to file a response to the amendment, as the amendment includes brand new allegations that Judicial Watch has not had the opportunity to address.

**III.     Conclusion.**

For the foregoing reasons, Judicial Watch respectfully moves the Court to strike the Secret Service's July 20, 2006 amendment, or in the alternative, grant Judicial Watch leave to respond to the amendment.

Respectfully submitted,

JUDICIAL WATCH, INC.

  /s/ Meredith L. Di Liberto
D.C. Bar No. 487733
Paul J. Orfanedes
D.C. Bar No. 429716
501 School Street, S.W.
Suite 500
Washington, D.C. 20024
Tel.: (202) 646-5172
Fax: (202) 646-5199

*Attorneys for Plaintiff*

**LOCAL RULE 7.1(m) CERTIFICATE OF COUNSEL**

      On July 11, 2006, I contacted Alexander Haas, counsel for Defendant U.S. Secret Service, to inquire whether the Secret Service objected to our motion to strike the Secret Service's July 7, 2006 amendment. Mr. Haas informed me that the Secret Service opposed the motion to strike.

                                                /s/ Meredith L. Di Liberto