IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06-CV-00310 (JGP) |
| ) | |
| UNITED STATES SECRET SERVICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**UNOPPOSED MOTION FOR LEAVE TO FILE A RESPONSE
TO DEFENDANT U.S. SECRET SERVICE'S REPLY IN
SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff, Judicial Watch, Inc., ("Judicial Watch") by counsel, respectfully submits this unopposed motion for leave to file a response to Defendant U.S. Secret Service's ("Secret Service") reply in support of its motion to dismiss. Counsel for Secret Service not does oppose this motion.[1] In support therefor, Judicial Watch states as follows:

**MEMORANDUM OF LAW**

**I.    Introduction.**

On May 16, 2006, the Secret Service filed a motion to dismiss for lack of subject matter jurisdiction. (Docket No. 14). The Secret Service's motion to dismiss was based primarily on its claim that the case was moot. On June 7, 2006, Judicial Watch filed its opposition to the motion to dismiss. (Docket No. 17). In its opposition, Judicial Watch demonstrated that the Secret Service failed to comply with the parties' joint stipulation and agreed order. *See* Plaintiff's

---

[1] On July 10, 2006, counsel for the Secret Service was contacted in accordance with Local Rule 7.1(m). On July 11, 2006, counsel for the Secret Service informed Judicial Watch that he did not oppose the motion for leave to file a response.

Opposition at 3-5. Judicial Watch also highlighted the precedential problem with the Secret Service's attempt to circumvent its FOIA obligations by transferring agency documents to a non-FOIA location. *See id.* at 5-8.

On July 7, 2006, the Secret Service filed its reply in support of the motion to dismiss. (Docket No. 22). In addition to the reply brief itself, the Secret Service also sent to Judicial Watch, and subsequently filed with the Court, allegedly newly discovered responsive records it located. The records consist of information regarding six (6) visits made by Jack Abramoff to the White House, including the so-called WAVES records. The Secret Service also submitted a second declaration by Special Agent Kathy Lyerly.

**II.    Argument.**

Judicial Watch seeks to file a response to the Secret Service's reply brief. This response, or surreply, is necessary because Judicial Watch was unable to contest matters the Secret Service brought up for the first time in its reply. This Court, at its discretion, may grant leave to file a surreply when "the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 113 (D.D.C. 2002). This is such a situation.

The Secret Service's reply contains information and claims that are made for the first time. For example, the since the filing of Judicial Watch's opposition, the Secret Service has located more responsive records and has undertaken another search for responsive records. *See* Defendant's Reply in Support of Its Motion to Dismiss at 1. The Secret Service's reply is inescapably replete with references to these new documents and the new search, as its claims for

dismissal could not be fully addressed without a complete factual recitation[2]. This, however, places Judicial Watch in a position of not being able to address, challenge or contest the Secret Service's subsequent search and allegedly newly discovered documents. In the interests of justice, the Court should grant Judicial Watch leave to file a response to the Secret Service's reply.

### III.  Conclusion.

For the foregoing reasons, Judicial Watch respectfully requests that the Court grant its unopposed motion for leave to file a response to the Secret Service's reply.

Respectfully submitted,

JUDICIAL WATCH, INC.

 /s/ Meredith L. Di Liberto
D.C. Bar No. 487733
Paul J. Orfanedes
D.C. Bar No. 429716
501 School Street, S.W.
Suite 500
Washington, D.C. 20024
Tel.: (202) 646-5172
Fax: (202) 646-5199

*Attorneys for Plaintiff*

---

[2] In addition to new information being found in the Secret Service's reply, it is also found in the Second Declaration of Kathy Lyerly. The opportunity to challenge these new claims is essential to Judicial Watch's ability to contest the dismissal of this lawsuit.

**LOCAL RULE 7.1(m) CERTIFICATE OF COUNSEL**

      On July 10, 2006, I contacted Alexander Haas, counsel for Defendant U.S. Secret Service, to inquire whether the Secret Service objected to our motion for leave to file a response to the Secret Service's reply.  On July 11, 2006, Mr. Haas informed me that the Secret Service did not oppose the motion for leave to file a response, with the understanding that Judicial Watch's response would be limited to new information and/or claims in the Secret Service's reply.

/s/ Meredith L. Di Liberto