IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06-CV-00310 (JGP) |
| ) | |
| UNITED STATES SECRET SERVICE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT U.S. SECRET SERVICE'S
AMENDMENT TO ITS OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Plaintiff, Judicial Watch, Inc., ("Judicial Watch") by counsel, respectfully submits this response to Defendant U.S. Secret Service's ("Secret Service") amendment to its opposition to Judicial Watch's motion to compel. In support therefor, Judicial Watch states as follows:

**MEMORANDUM OF LAW**

**I.   Introduction.**

On May 16, 2006, Judicial Watch filed a motion to compel and for sanctions and other relief against the Secret Service for forcing Judicial Watch to incur the time and expense of seeking compliance with this Court's April 25, 2006 order. Judicial Watch's argued that the Secret Service violated the Court's April 25, 2006 order by failing to produce "any and all documents responsive to Plaintiff's January 20, 2006 Freedom of Information Act request, without redactions or claims of exemption, on or before May 10, 2006." The Secret Service responded on June 1, 2006, claiming that it fully complied with the Court's April 25, 2006 order. Defendant's Opposition to Plaintiff's Motion to Compel And For Other Sanctions ("Defendant's Opposition") at 1. The Secret Service claimed that Judicial Watch's motion was based on

nothing more than a dissatisfaction with "the number and type of documents that it received." *Id.*

On July 7, 2006, despite claiming unequivocally that it did not possess responsive Worker and Visitor Entrance System ("WAVES") logs, the Secret Service produced more than fifty (50) additional pages of responsive records – many of them WAVES logs. These allegedly newly discovered records document five (5) previously unaccounted forl visits by Jack Abramoff to the White House. In a July 7, 2006 amendment to its opposition, the Secret Service attempts to "clarify" the record.

II.     **Argument**.

    A.     **The Secret Service Should Be Compelled to Comply With This Court's Order.**

The Secret Service's second search and additional release of responsive records does not alter Judicial Watch's motion to compel. In fact, the Secret Service's subsequent actions fortify Judicial Watch's argument. Judicial Watch's motion to compel should be granted for two primary reasons. First, the Secret Service is still in violation of the Court's April 25, 2006 order. Second, the Secret Service admits additional responsive records exists.

        1.     **The Secret Service Is In Violation of the Court's April 25, 2006 Order.**

Regardless of the number of searches performed by the Secret Service, the order at issue is still the April 25, 2006 order. That order, which was based on the parties' joint stipulation, required the Secret Service to produce "any and all documents responsive to the Plaintiff's January 20, 2006 Freedom of Information Act request, without redactions or claims of exemption, on or before May 10, 1006." Plaintiff's Motion to Compel, Exhibit 1. Once entered by the Court, the stipulation became an enforceable order.

Contrary to the Court's April 25, 2006 order, the Secret Service's second release of records included redactions. In her second declaration, Kathy Lyerly states that page three of Exhibit 4 included a "scratched out" line and the records were redacted to remove all references to Jack Abramoff's date of birth and social security number. Second Declaration of Kathy J. Lyerly ("Second Lyerly Decl.) at ¶ 13. Whether the Secret Service refers to it as "scratched out" information or redacted information, both are in direct violation to the Court's April 25, 2006 order.

      a.    **The Scratched Out Information.**

Ms. Lyerly explains that page three of Exhibit 4 included a "scratched out" line because the Office of Inspection employee believed the information was "duplicative of the first listing of appointment data on the same page." Second Lyerly Decl. at ¶ 13. This explanation fails for two reasons. First, regardless of the employee's beliefs, the Secret Service agreed to, and was ordered to, release all information without redactions. The Secret Service should be compelled to produce that particular page without redaction. Second, the second production of responsive records is replete with repetition, so the selective "scratching out" of one line does not make sense. Defendant's Reply In Support of Its Motion to Dismiss ("Reply") at 6, n.5; Second Lyerly Decl. at ¶ 13. Moreover, mere repetition of information in responsive records does not excuse or justify the redaction. Nowhere does FOIA state that an agency may redact information from a record because it is repeated in another responsive record.

      b.    **Abramoff's Date of Birth and Social Security Number.**

The Secret Service admits that it redacted Jack Abramoff's date of birth and social security information from the second production of responsive records. Second Lyerly

3

Decl. at ¶ 13. The Secret Service claims that the redactions were to protect "Jack Abramoff's privacy." *Id.* However, regardless of the reasoning behind the redactions, *any redaction* is contrary to the Court's April 25, 2006 order. The Secret Service agreed to release any and all responsive documents, without redactions or claims of exemption. And more importantly, the Secret Service was ordered to do just that. The Secret Service should be compelled to comply with the Court's April 25, 2006 order and release all the responsive documents, without redactions or claims of exemption.

> 2. **The Admitted Existence of Additional Records Violates the Court's April 25, 2006 Order.**

The Secret Service has admitted to Judicial Watch and this Court that Judicial Watch may not have received all responsive records containing WAVES data. Reply at 12, n.6. This statement is made in the context of the Secret Service's "explanation" of its policy of transferring WAVES records to the White House and subsequently erasing – though perhaps not completely – such records from the Secret Service computers. *Id.* at 12-16. Secret Service goes to great lengths to argue that it is not obligated to retrieve the transferred records, but misses the initial point: it admits that a body of records, namely the transferred WAVES data, has not been searched for responsive records to Judicial Watch's FOIA request. It must be compelled to do so.

The second admission by the Secret Service is its bold proclamation of the implication of this transfer :

> This holding [*McGehee*] is inapplicable to this case because, even if defendant created the records, plaintiff has not sued the White House Office of Records Management – the entity at the White House to which the records are sent – for the records and, *in any case, it is not an agency subject to FOIA*.

Reply at 15 (emphasis added). The Secret Service should not be allowed to thwart FOIA by transferring records to another office not subject to FOIA. To the extent it did so, even if it followed a pre-existing practice, the Secret Service should be compelled to search these records and produce any that are responsive to Judicial Watch's request. This is precisely the point Judicial Watch made in its opposition brief. Plaintiff's Opposition to Defendant's Motion to Dismiss ("Plaintiff's Opposition") at 6-7.

The Secret Service's attempt to rely on *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, (1980) as an justification for the failure to produce these records is without merit. The U.S. Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") addressed *Kissinger* with regard to the improper transfer of agency records. *McGehee v. Central Intelligence Agency,* 697 F.2d 1095, 1109, n.64 (D.C. Cir. 1983). In *McGehee*, the Court declared that *Kissinger* did not address whether a deliberate transfer of agency records rendered them unreachable under FOIA. The Court further declared that to require a requestor to affirmatively prove the agency's intent to evade FOIA would be "extremely difficult," and, "at a minimum the effect would be to impose considerable extra burdens on a requestor." *Id.* As a result, the Court remanded the case to allow the parties the opportunity to present additional evidence on the matters.[1] *Id.* at 1114.

Not only does the Secret Service's theory impose an additional burden on FOIA requesters like Judicial Watch, it would also be the undoing of FOIA. The Secret Service never

---

[1] This is where Judicial Watch's request for depositions and limited discovery come into play. Discovery could be easily be limited to, and directed toward, the reasons for the Secret Service's policy to transfer records and whether it is legitimate or simply an attempt to thwart FOIA.

addresses Judicial Watch's main point: allowing agencies subject to FOIA to simply transfer their records to an non-FOIA location would be to allow agencies to insulate any or all or their records from FOIA. This would, in the words of the D.C. Circuit, "wholly frustrate the purposes of FOIA." *Id.*

> **B.    The Secret Service Should Be Sanctioned For Failing to Comply With This Court's Order.**

In addition to compelling the Secret Service to comply with the Court's April 25, 2006 order, the Court should also sanction the Secret Service for violating that same order. The Secret Service violated the order in two ways: (1) conducting an inadequate first search not reasonably calculated to uncover all responsive records; and (2) impermissibly redacting information from responsive records.

> **1.    The Secret Service Conducted An Inadequate Search.**

As demonstrated in Judicial Watch's surreply to the Secret Services' reply brief filed today, the Secret Service's first search was inadequate. To save the Court the burden of repetition, Judicial Watch respectfully refers the Court to section II.A.1 of its surreply, explaining the inadequacy of the Secret Service's first search.

Additionally, the Secret Service's amendment attempts to cover-up its inadequate search by relying on several erroneous claims. First, the Secret Service claims that its subsequent release of additional records bolstered the basis of the integrity of the search. Defendant's Amendment at 2. The Secret Service relies on *Meeropol v. Meese*, 790 F.2d 942, 952-53 (D.C.Cir. 1986) for this proposition. However, as explained in Judicial Watch's surreply, the Secret Service's reliance on *Meeropol* is unfounded. The facts the Court made note of – namely

that the FOIA search was large in size and spanned four decades and that the FBI had cooperated with the plaintiff throughout the court-ordered discovery – are not present in this case. *See* Plaintiff's Surreply at 5, n.4. In addition, the Secret Service's second production must be considered in light of the other facts in this case, including the Secret Service's wilfull violation of the Court's April 25, 2006 order, and its headstrong refusal to respond to Judicial Watch's May 12, 2006 letter. These facts do not suggest a higher degree of integrity. Rather, they cast doubt on both of the Secret Service's searches and whether Judicial Watch has, in fact, received all the documents responsive to its January 20, 2006 FOIA.

Second, the Secret Service's amendment contains a "fall back" position: ignorance. As already demonstrated in Judicial Watch's surreply, this position is untenable for at least three reasons: (1) the "new" records were located in the same division as the documents produced in the first search; (2) the documents were located on computers used for the transfer of WAVES data and should have been searched during the first search; and the failure to do so was thus unreasonable; and (3) Ms. Lyerly's first declaration declared that she was familiar with the search – its methods and results – yet now she claims to have no knowledge of the data stored on the hard drives. *See* Plaintiff's Surreply at 2-5.

    **2.**    **The Secret Service Wilfully Violated the Court's Order By Redacting Information From the Responsive Records.**

As already demonstrated above, the Secret Service wilfully violated the Court's April 25, 2006 order by redacting information from the responsive records. The information the Secret Service employee "scratched out" violates the Secret Service's agreement to, and the Court's order that, the records be released without any redactions or claims of exemption. Even

if the employee inadvertently scratched out the information, Ms. Lyerly, who swears to have overseen the search, should have had the record reproduced without the redaction. By ignoring the Court's order and the parties agreement, the Secret Service's violation must be seen as wilful.

The same can be said for the social security and birth date information admittedly redacted by the Secret Service. Second Lyerly Decl. at ¶13. Ms. Lyerly attempts to justify the redactions as grounded in privacy concerns, but her explanation falls short.[2] Once the Court approved the parties' agreement by entering it as an order, it was a violation of the Court's order for either party to act contrary to it. The parties relied on the statements made in negotiating the agreement and the Secret Service's intentional violation of the order is itself an act of bad faith. No party to a court-ordered agreement can unilaterally change the terms of that agreement much less disregard the order. If the Secret Service believed it was necessary to protect Mr. Abramoff's privacy, it was obligated to seek an amendment of the Court's April 25, 2006 order.[3]

**III.     Conclusion**.

For the foregoing reasons, Judicial Watch respectfully requests that the Court grant its motion to compel and for sanctions and award Judicial Watch attorney fees and costs for filing and prosecuting this motion. Additionally, for the reasons set forth in its motion to compel,

---

[2]     Regardless of the Secret Service's concern for Mr. Abramoff's privacy, it is common knowledge that at least his birth date is publically available. *See* http://en.wikipedia.org/wiki/Jack_Abramoff.

[3]     Additionally, the Secret Service redacted information without even attempting to assert a specific FOIA exemption or undertake any exemption analysis. Government agencies cannot simply redact information and not provide proper *Vaughn* index. The Secret Service must at a minimum, "provide a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of the withheld document to which they apply." *Mead Data Control v. Dep't of Air Force*, 566 F.2d 242, 251(D.C. Cir. 1977).

Judicial Watch should be allowed to take limited discovery under oath of the Secret Service.

          Respectfully submitted,

          JUDICIAL WATCH, INC.

          /s/ Meredith L. Di Liberto
          D.C. Bar No. 487733
          Paul J. Orfanedes
          D.C. Bar No. 429716
          501 School Street, S.W.
          Suite 500
          Washington, D.C. 20024
          Tel.: (202) 646-5172
          Fax: (202) 646-5199

          *Attorneys for Plaintiff*