**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JUDICIAL WATCH INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES SECRET SERVICE, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 06-310 (RMC) |

**DEFENDANT'S MOTION FOR CONSOLIDATION**

Pursuant to Fed. R. Civil P. 42(a) and Local Civil Rule 40.5, defendant hereby moves to consolidate this action with <u>Citizens for Responsibility and Ethics in Washington ("CREW") v. Department of Homeland Security</u>, 06-CV-883 (D.D.C.) (RCL).  The basis for this motion is set forth in the attached memorandum.

Undersigned counsel for defendant hereby certifies, pursuant to Local Civil Rule 7(m), that he conferred with counsel for the plaintiffs in both actions regarding the relief sought in this motion.  Plaintiff Judicial Watch opposes the motion, as does CREW.


Dated: November 30, 2007              Respectfully submitted,

                                      JEFFREY S. BUCHOLTZ
                                      Acting Assistant Attorney General

                                      JEFFREY A. TAYLOR
                                      United States Attorney

                                      CARL J. NICHOLS
                                      Deputy Assistant Attorney General

1

|  |  |
|---|---|
|  | JOSEPH H. HUNT |
|  | Branch Director |
|  |  |
|  | ELIZABETH J. SHAPIRO |
|  | Assistant Branch Director |
| OF COUNSEL: |  |
|  | s/ Justin M. Sandberg |
| LIZA MURPHY | JUSTIN M. SANDBERG |
| MOLLY WEBER | (Ill. Bar. No. 6278377) |
| United States Secret Service | Trial Attorney |
|  | United States Department of Justice |
|  | Civil Division, Federal Programs Branch |
|  | 20 Massachusetts Avenue, N.W. #7224 |
|  | P.O. Box 883 Ben Franklin Station |
|  | Washington, D.C. 20044 |
|  | Telephone: (202) 514-3489 |
|  | Facsimile: (202) 616-8202 |
|  | E-mail: justin.sandberg@usdoj.gov |
|  |  |
|  | Attorneys for Defendant |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Civil Action No. 06-310 (RMC)<br>UNITED STATES SECRET SERVICE, )<br>)<br>Defendant. )<br>) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR CONSOLIDATION**

**INTRODUCTION**

The United States Department of Homeland Security ("DHS") – a defendant in both Judicial Watch, Inc. v. United States Secret Service, 06-CV-310 (RMC),[1] and Citizens for Responsibility and Ethics in Washington ("CREW") v. Department of Homeland Security, 06-CV-883 (D.D.C.) (RCL) – respectfully moves, pursuant to Fed. R. Civ. P. 42 and Local Civ. R. 40.5, to consolidate these two actions before this Court.[2]  Plaintiffs seek to compel DHS, under the Freedom of Information Act ("FOIA"), to disclose the same types of records generated during the same period of time.  And in both cases, DHS has produced responsive records and moved to

---

[1] The United States Secret Service is a component of DHS.  6 U.S.C. § 381 (transferring the Secret Service from the Department of Treasury to DHS).

[2] Local Rule 40.5(d) provides that in this district, "[m]otions to consolidate cases assigned to different judges of this court shall be heard and determined by the judge to whom the earlier-numbered case is assigned."  If the motion is granted, the later-numbered case shall be reassigned.

1

dismiss on mootness grounds.³  Consolidation of these two actions is appropriate, then, because both actions present the same central legal issue: Whether DHS, through its component the United States Secret Service, conducted an adequate search for responsive records. Consolidation would serve the interests of judicial economy, and because both actions are at the same stage of litigation, consolidation of these actions would not result in prejudice to either plaintiff.

## ARGUMENT

Federal Rule of Civil Procedure 42(a) provides that, "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated..."  In accordance with this Rule, the Court has discretion to consolidate civil actions when the cases share common issues of law or fact, consolidation would serve the interests of judicial economy, and the parties would not be prejudiced by consolidation.  See Judicial Watch, Inc. v. United States Department of Energy, et al., 207 F.R.D. 8, 9 (D.D.C. 2002).  See also American Postal Workers Union v. United States Postal Svc., 422 F.Supp.2d 240, 245 (D.D.C. 2006).

The Court should consolidate these cases because doing so would serve the interests of judicial economy:  Both suits raise the same core claim under FOIA and present the same central legal issue.  At their core, both actions seek to compel DHS to disclose, pursuant to FOIA, the

---

³ DHS has assumed that the records it has searched and produced are "agency" records as that term is used in the FOIA solely for the purposes of its motions to dismiss; it does not otherwise concede, through its use of the word "responsive" or otherwise, that the records it has searched or produced are agency records, as opposed to records governed by the Presidential Records Act, 44 U.S.C. § 2201 et seq. or otherwise exempt from disclosure.  To that end, records have been released to plaintiff solely as a discretionary matter.

same types of records generated during the same period of time – i.e., records of visits to the White House from January 1, 2001 to the present.  See Judicial Watch Complaint for Declaratory and Injunctive Relief, February 22, 2006, ¶ 5, pp. 3-4; CREW Second Amended Complaint for Declaratory Judgment and Injunctive Relief, August 9, 2006 ("CREW Compl."), ¶¶ 24, 47.  In both cases, DHS released records as a discretionary matter and moved to dismiss the action as moot.  Defendant's Memorandum in Support of Motion to Dismiss [Judicial Watch's Complaint] for Lack of Subject Matter Jurisdiction, May 16, 2006, at 1, Doc. No. 14; Memorandum in Support of Defendant's Motion to Dismiss [CREW's] FOIA Claims, Sept. 21, 2006, at 1-2, Doc. No. 45.  Each plaintiff has resisted, challenging the adequacy of the search in its case. [Judicial Watch's Surreply] to Defendant U.S. Secret Service's Reply in Support of Its Motion to Dismiss, July 24, 2006, at 2-6, Doc. No. 29; [CREW's] Response to Defendant's Motion to Dismiss Plaintiff's FOIA Claims and Request for Discovery, Sept. 28, 2006, at 6-11, Doc. No. 48.  Both cases, then, present the same central legal issue of whether DHS has conducted a reasonable search of White House visitor records created during the same time period.  Resolving this issue in both cases will require familiarity with (i) White House visitor records created since 2001, and (ii) the legal standards that guide the decision of whether an agency has conducted an adequate FOIA search.   Therefore, consolidating these actions will serve the interests of judicial economy by obviating the need for two judges to delve into the same factual and legal issues.  See Judicial Watch v. Department of Energy, 207 F.R.D at 8 (consolidating two FOIA actions brought by different plaintiffs in the interest of judicial economy).

     These cases are not identical.  In addition to seeking records of visitors to the White House, the CREW complaint includes a request for records of entry to the Vice President's

residence as well as a Federal Records Act ("FRA") claim challenging DHS's alleged failure to preserve some of the records sought under FOIA. CREW Compl. ¶¶ 24, 44-48. And the scope of the searches in these cases may also differ (at least at the point in time from which reasonableness should be measured).[4]

These differences, however, do not alter the conclusion that consolidation is appropriate; a perfect identity between cases is not a requirement for consolidation, In re Olsten Corp. Securities Litigation, 3 F. Supp. 2d 286, 293 (E.D.N.Y. 1998) ("[T]he facts and legal issues need not be identical to warrant consolidation."), 9 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure § 2382 (2d ed. 1990) (one common question of law sufficient for consolidation), and logically so. The differences described above do not eliminate the efficiency gains attendant to having one court review the shared questions of law and fact at the heart of these two cases.[5]

---

[4] The CREW FOIA request seeks records for individuals not named in the Judicial Watch FOIA request, but that fact does not matter because it does not relate to whether DHS's search was reasonable or not.

[5] What is more, it does not matter that the Court hearing the CREW case has also been assigned a second CREW case seeking records of visits to the White House and the Vice President's residence. See CREW v. DHS, 1:06-CV-1912 (D.D.C.) (RCL). At this point, the second CREW suit does not resemble the one that is subject to this motion. In the second CREW case, DHS has declined to release any records, arguing that they are presidential records, and so not subject to FOIA, or are otherwise exempt from disclosure under the FOIA. Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment, 1:06-CV-1912, May 25, 2007, Doc. No. 29. The central question of that case – whether the records are presidential records or not – is not presented in the CREW case before this Court. Thus, the efficiency gain engendered by consolidating the Judicial Watch and CREW I cases in the same court (this Court) far outweighs the benefit of having the same court handle the two very different CREW cases.

Finally, consolidation of these actions will not result in any prejudice to the plaintiffs. See Hyman v. First Union Corp., 982 F.Supp. 14, 18 (D.D.C. 1997) (lack of prejudice a factor in granting motion for consolidation). It will in no way impede the ability for either plaintiff to pursue any separate claims. See Mylan Pharmaceuticals Inc. v. Henney, 94 F. Supp. 2d 36, 43 (D.D.C. 2000) (consolidation is "permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another") (quoting Johnson v. Manhattan R Co., 289 U.S. 479, 496-97 (1933)); see also Wright & Miller § 2382. And there is no basis to argue that consolidation will result in unnecessary delay in either case: Motions to dismiss remain unresolved in both cases, and DHS plans to fill out the record in both cases around November 30, 2007. See Judicial Watch, Inc. v. United States Secret Service, 06-CV-310, Minute Entry Order, Nov. 2, 2007 (granting DHS until November 30 to supplement its filings).

## CONCLUSION

For the reasons set forth above, the Court should find that consolidation of Judicial Watch, Inc. v. United States Secret Service, 06-CV-310 (RMC), and Citizens for Responsibility and Ethics in Washington v. Department of Homeland Security, 06-CV-883 (D.D.C.) (RCL), before this Court is appropriate and grant DHS's motion.

Dated: November 30, 2007                    Respectfully submitted,

                                            JEFFREY S. BUCHOLTZ
                                            Acting Assistant Attorney General

|  |  |
|---|---|
|  | JEFFREY A. TAYLOR<br>United States Attorney |
|  | CARL J. NICHOLS<br>Deputy Assistant Attorney General |
|  | JOSEPH H. HUNT<br>Branch Director |
|  | ELIZABETH J. SHAPIRO<br>Assistant Branch Director |
| OF COUNSEL:<br><br>LIZA MURPHY<br>MOLLY WEBER<br>United States Secret Service | s/ Justin M. Sandberg<br>JUSTIN M. SANDBERG<br>(Ill. Bar. No. 6278377)<br>Trial Attorney<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Avenue, N.W. #7224<br>P.O. Box 883 Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone:  (202) 514-3489<br>Facsimile:  (202) 616-8202<br>E-mail:  justin.sandberg@usdoj.gov<br><br>Attorneys for Defendant |