# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES SECRET SERVICE, )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO.<br>06-310 (RMC) |

**SECOND DECLARATION OF PAUL S. MORRISSEY
DEPUTY ASSISTANT DIRECTOR
OFFICE OF PROTECTIVE OPERATIONS
UNITED STATES SECRET SERVICE**

I, Paul S. Morrissey, hereby declare as follows:

1. I am the Deputy Assistant Director of the Office of Protective Operations ("OPO") for the United States Secret Service ("Secret Service"), which is a component of the Department of Homeland Security ("DHS"). I have held this position since September 2006, and have been employed with the Secret Service as a Special Agent (GS-1811) since January 1983.

2. This declaration supplements my December 12, 2006, declaration regarding the search for records responsive to Judicial Watch's January 20, 2006, Freedom of Information Act ("FOIA") request. The statements made herein are based on my personal knowledge or on information made available to me in my official capacity since that declaration.

3. Beyond Secret Service Form (SSF) 1888s and related paper records (described in my December 12, 2006 declaration), the Secret Service sometimes creates other records that relate to the background investigation and security process conducted in connection with certain individuals entering or scheduled to enter the White House Complex (referred to herein as

"Sensitive Security Records"). These records are created in the course of conducting additional background checks and other security-related activities regarding certain visitors, who are chosen by the Secret Service based on certain details in their backgrounds and/or the circumstances of their visits. The records include the names and other identifying information concerning such visitors (including, in some cases, their birth dates and/or Social Security numbers) and background information on them or information regarding their visits to the Complex, which may include criminal history and/or other security-related information. The persons whose visits to the White House are reflected in these records should also be reflected in the Worker and Visitor Entrance System ("WAVES") records.

4. The focus of the searches for records responsive to Judicial Watch's request described in the first and second declarations of Kathy J. Lyerly submitted in this case was on the WAVES and Access Control Records System ("ACR") data/records. Although it is not clear that the Sensitive Security Records are responsive to the request, the Secret Service now believes that they could be potentially responsive. The Secret Service is, however, concerned that if the Secret Service were to reveal to the plaintiff whether there were, or were not, any Sensitive Security Records concerning the specific individual at issue in plaintiff's FOIA request, that fact, combined with other such information repeated over time, could lead to the gathering of information concerning whether and when such additional security checks are conducted. This possibility constitutes a security risk.

5. Leaving aside the Sensitive Security Records, the Secret Service has conducted additional searches in certain categories of records for the name of the individual listed in the subject FOIA request: records originating from the Executive Office of the President reflecting

parking requests, or authorization for parking, with respect to the White House Complex; electronically maintained e-mails at the WAVES Center requesting access to the White House Complex; and White House Daily Briefing Sheets. These searches included the period of January 1, 2001 through July 6, 2006 (although it is believed that not all records that were created during this period still exist), and were conducted only after they were authorized by the Office of the President and the Office of the Vice President. Again, it is questionable whether these categories are even responsive to Judicial Watch's request. In any case, however, no responsive records were found in any of these groups.

      6.    The Secret Service has also conducted a search for the name "Jack Abramoff" in the WAVES and ACR records on the June and July 2006 CD-ROMs (to search for responsive records through July 6, 2006). No responsive records were found. I am advised that these additional WAVES and ACR records were searched because of the belief that the previous searches encompassed only records downloaded from the server as of the dates of these searches.

      I declare under penalty of perjury that the foregoing is true and correct.

      Executed on November 30th, 2007.

                                                PAUL S. MORRISSEY