IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES SECRET SERVICE, )<br>)<br>Defendant. )<br>_____ ) | Case No. 1:06-CV-00310 (RMC) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
<u>MOTION FOR CONSOLIDATION</u>**

Plaintiff Judicial Watch, Inc., by counsel, respectfully submits this opposition to the motion of Defendant U.S. Secret Service to consolidate this action with *Citizens for Responsibility and Ethics in Washington v. Dep't of Homeland Security*, Case No. 06-833 (RCL) ("the CREW lawsuit"). As grounds therefor, Plaintiff states as follows:

**<u>MEMORANDUM OF LAW</u>**

While Plaintiff does not contest the standard governing consolidation set forth in Defendant's motion, Plaintiff does contest Defendant's conclusion that this lawsuit should be consolidated with the CREW lawsuit. As Defendant notes, the Court has discretion to consolidate civil actions when (1) the cases share common issues of fact or law; (2) consolidation would serve the interest of judicial economy; <u>and</u> (3) the parties would not be prejudiced by consolidation. *Judicial Watch, Inc. v. U.S. Dep't of Energy*, 207 F.R.D. 8, 9 (D.D.C. 2002). Not one of these criteria are present here, much less all three.

The factual and legal issues raised by this matter are simple and straightforward. On January 20, 2006, Plaintiff sent Defendant a discrete FOIA request for "All White House visitor

logs from January 1, 2001 to present that reflect the entries and exit(s) of lobbyist Jack Abramoff from the White House." Complaint at para. 5. When Defendant failed to respond to Plaintiff's request within the time allowed by law, Plaintiff filed suit on February 22, 2006. Plaintiff then moved for partial summary judgment. On April 19, 2006, Plaintiff and Defendant negotiated a stipulation and agreed order to resolve Plaintiff's motion for partial summary judgment. The document stated, in pertinent part: **"Defendant shall produce any and all documents responsive to Plaintiff's January 20, 2006 Freedom of Information Act request, without redactions or claims of exemption, on or before May 10, 2006."** The Court approved the parties' joint stipulation and entered the agreed order on April 25, 2006.

When Defendant produced a mere two (2) pages of documents in purported compliance with the agreed order and moved to dismiss the Plaintiff's lawsuit as moot, Plaintiff filed a motion to compel. Defendant subsequently produced additional responsive documents on July 7, 2006.

Both Plaintiff's motion to compel and Defendant's motion to dismiss have been fully briefed since July 2006. The only issue to be decided is whether Defendant has complied with the parties court-ordered stipulation and what remedies the Court should impose if Defendant is found not to have complied.[1]

---

[1] On November 30, 2007, Defendant filed a document curiously captioned "Defendant's Supplemental Motion for Summary Judgment." Defendant never filed a summary judgment motion in this case. Moreover, in its "supplemental motion," Defendant asserts that, while it may possess additional records responsive to Plaintiff's request, it cannot state definitively whether such records exist, and, if they do exist, they are exempt from production. This assertion would be completely at odds with Defendant's obligation under the April 19, 2006 stipulation, which was entered by the Court as an agreed order on April 25, 2006, to produce all responsive records, without claims of exemption, by May 10, 2006. Plaintiff intends to respond to Defendant's filing on or before December 14, 2007. Plaintiff also reserves the right to file a

By contrast, the CREW lawsuit is substantially more involved, both factually and legally. While Plaintiff's FOIA request sought only "White House visitor logs" for Jack Abramoff, the FOIA request at issue in the CREW lawsuit seeks records "relating to any visit," which presumably includes more than simply visitor logs, for visits to both the White House and the Vice President's Residence by eight (8) different individuals, including Jack Abramoff. *See* Second Amended Complaint in the CREW lawsuit, attached as Exhibit A, at para. 24.

Legally, CREW has challenged not only the search for records responsive to its request, but also raised issues with respect to custody and control over certain records, challenged claims of exemption, and requested discovery. As CREW described in a September 5, 2007 Joint Status Report:

> Plaintiff has opposed DHS's motion to dismiss the FOIA claims on the grounds that DHS has not established as a matter of uncontested fact that it conducted a reasonable search, DHS has not established as a matter of uncontested fact that it does not and did not have custody and control over certain of the requested records that predate October 2004, and DHS has not met its burden of proving that it properly invoked exemptions under FOIA . . . In addition, plaintiff requires discovery to respond to the many factual issues raised in defendant's motion to dismiss.

*See* Joint Status Report, attached as Exhibit B, at 2 (internal citations omitted).

Even more importantly, CREW also has asserted a claim under the Administrative Procedure Act ("APA") that challenges the record retention policies of the Secret Service as being in violation of the Federal Records Act ("FRA"). As CREW described in the Joint Status Report:

> Specifically, Plaintiff is challenging as contrary to law the policy of the Secret Service, a component of DHS, to erase federal records, including the visitor

---

motion for attorney's fees and litigation expenses under 5 U.S.C. § 552(a)(4)(E).

3

>records that plaintiff seeks, from its computer systems and to destroy paper copies
>of those records once it has transferred the information on those records to the
>White House.

*See* Exhibit B at 1-2. In response, the defendant in the CREW lawsuit has asserted a number of legal defenses. In this same Joint Status Report, the defendant in the CREW lawsuit represented:

>DHS has also moved to dismiss the FRA-related APA claim for lack of subject-matter jurisdiction, though for different reasons, including the absence of either a waiver of sovereign immunity or an injury under Article III of the Constitution.

*See* Exhibit B at 3.

Thus, in contrast to this much simpler and far more narrow lawsuit, the CREW lawsuit will require resolution of issues as to the scope of the search, custody of records, claims of exemption, entitlement to discovery, APA and FRA issues, and sovereign immunity and standing issues. Consequently, it simply cannot be said that the two lawsuits share common issues of fact or law such that they should be consolidated.

Nor, under the circumstances, would consolidation serve the interest of judicial economy. Again, the only items that remain to be resolved in this lawsuit are Plaintiff's motion to compel and Defendant's motion to dismiss the action as moot. The interests of judicial economy require these two narrow issues be resolved quickly and expeditiously.

Finally, Plaintiff would be prejudiced by consolidation of these two actions at this late date. Plaintiff's lawsuit will soon be almost two years old, and the few, simple issues that remain to be decided have been fully briefed for well over a year. By contrast, the CREW lawsuit is younger (the two motions to be decided in this lawsuit were fully briefed by the time the plaintiff in the CREW lawsuit had only just filed its Second Amended Complaint) and raises a host of far more complex legal issues that undoubtedly will take substantially more time to adjudicate. It is

likely that resolution of Plaintiff's lawsuit will be substantially delayed if these two lawsuits are consolidated, and, in the FOIA context in particular, it has long been recognized that delayed access to records can be tantamount to denial.  *See, e.g.*, *Gilmore v. U.S. Dep't of Energy*, 33 F. Supp. 2d 1184, 1187 (N.D. Calif. 1998).

      WHEREFORE, Plaintiff respectfully requests that Defendant's Motion for Consolidation be denied.

Dated:  December 4, 2007                              Respectfully submitted,

                                                            JUDICIAL WATCH, INC.

                                                             _____/s/_____
                                                            Paul J. Orfanedes
                                                           D.C. Bar. No. 429716
                                                          Suite 500
                                                          501 School Street, S.W.
                                                          Washington, D.C.  20024
                                                          (202) 646-5172

                                                          *Attorneys for Plaintiff*