# **EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-883 (JGP) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, et al., | ) ) ) | |
| Defendants. | ) ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's minute order of August 13, 2007, the parties submit the following joint status report.

    1.    <u>Should this case be closed?</u>

The parties agree that this case has not been resolved and should remain open.

    2.    <u>Status of the case and list of pending motions</u>

Two motions to dismiss remain pending in this Freedom of Information Act ("FOIA") and Administrative Procedure Act ("APA") case: one motion addresses plaintiff's FOIA claims, and the other addresses the APA claim.

    <u>By the plaintiff</u>

Plaintiff filed a four-count complaint concerning records of visits made by certain individuals to the White House Complex and the Vice President's Residence. Second Amended Complaint for Declaratory Judgement and Injunctive Relief, July 27, 2006. The first three counts arise under the FOIA, <u>see id.</u> ¶¶ 33-43, and the fourth is an APA claim related to the Federal Records Act ("FRA"), <u>see id.</u> ¶¶ 44-48. Specifically, plaintiff is challenging as contrary

to law the policy of the Secret Service, a component of DHS, to erase federal records, including the visitor records that plaintiff seeks, from its computer system and to destroy paper copies of those records once it has transferred the information on those records to the White House.

Plaintiff has opposed DHS's motion to dismiss the FOIA claims on the grounds that DHS has not established as a matter of uncontested fact that it conducted a reasonable search, DHS has not established as a matter of uncontested fact that it does not and did not have custody and control over certain of the requested records that predate October 2004, and DHS has not met its burden of proving that it properly invoked exemptions under the FOIA. Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's FOIA claims and Request for Discovery, Sept. 28, 2006. In addition, plaintiff requires discovery to respond to the many factual issues raised in defendant's motion to dismiss. Id. Plaintiff has also opposed defendants' motion to dismiss the FRA-related APA claim. Plaintiff's Opposition to Defendant's Motion to Dismiss Claim Four of Plaintiff's Second Amended Complaint.

Plaintiff notes that while defendants state below that DHS intends to supplement its filings with respect to the FOIA claims to reflect what they claim is "recently discovered information relevant to plaintiff's FOIA request," defendants have refused to provide plaintiff with any information about the nature of this information. Moreover, it is plaintiff's understanding that defendants have known about this information for weeks, if not longer, yet to date have still not supplemented their pleadings.

By the defendants

After producing hundreds of pages of records to plaintiff, see Declaration of Kathy J. Lyerly, Sept. 21, 2006, ¶ 3 (attached to Motion to Dismiss Plaintiff's FOIA Claims, Sept. 21,

2

2006) (noting that plaintiff received 356 pages of responsive records), DHS moved to dismiss plaintiff's FOIA claims on mootness grounds, arguing that it had produced all responsive, non-exempt records found after a reasonable search.[1]  Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's FOIA Claims, Sept. 21, 2006.  DHS intends to supplement its filings with respect to the FOIA claims to reflect recently discovered information relevant to plaintiff's FOIA request.

DHS has also moved to dismiss the FRA-related APA claim for lack of subject-matter jurisdiction, though for different reasons, including the absence of either a waiver of sovereign immunity or an injury under Article III of the Constitution.  Memorandum in Support of Defendant's Motion to Dismiss Claim Four of Plaintiff's Second Amended Complaint, August 30, 2006.

3.      <u>Other relevant information.</u>

This matter was referred to mediation before Magistrate Judge Deborah A. Robinson.  On August 8, 2007, the parties filed a joint report advising the Court, <u>inter alia</u>, that there was no realistic possibility of settling this case at this time.  Joint Report Pursuant to LCvR 16.3.

Dated: September 5, 2007                    Respectfully submitted,


_____/s/_____       PETER D. KEISLER
ANNE L. WEISMANN, D.C. Bar 298190    Assistant Attorney General
MELANIE SLOAN, D.C. Bar 434584

Citizens for Responsibility and Ethics       CARL J. NICHOLS
in Washington                               Deputy Assistant Attorney General
                                            JEFFREY A. TAYLOR

---

[1] In its motions to dismiss, DHS treated the records discussed therein as "agency records" and "federal records" subject to the FOIA and FRA, respectively, solely for purposes of those motions.

3

1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
Telephone:  (202) 408-5565
Facsimile:  (202) 588-5020
E-mail: aweismann@citizensforethics.org

<u>Counsel for Plaintiff</u>

United States Attorney

JOSEPH H. HUNT
Branch Director

JOHN R. TYLER, D.C. Bar 297713
Senior Trial Counsel

_____/s/_____
JUSTIN M. SANDBERG
(Ill. Bar. No. 6278377)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Room 7224
Post Office Box 883
Washington, D.C. 20044
Telephone:  (202) 514-3489
Facsimile:  (202) 616-8202
E-mail: justin.sandberg@usdoj.gov

<u>Counsel for Defendants</u>