# EXHIBIT A

# CREW | citizens for responsibility and ethics in washington

February 2, 2006

United States Secret Service
Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

**Re: Freedom of Information Act Request**

Dear Sir/Madam:

Citizens for Ethics and Responsibility in Washington ("CREW") makes this request for records, regardless of format, medium, or physical characteristics, and including electronic records and information, pursuant to the Freedom of Information Act ("FOIA") and U.S. Department of Homeland Security ("DHS") regulations, 6 CFR part 5.

This request is for all records relating to any visit that any and all of the following individuals made to the White House or the residence of the Vice President from January 1, 2001, to the present. As used herein, the term "White House" includes, but is not limited to, any office within the Executive Office of the President, the residence of the President, the Old and New Executive Office Buildings, and any other office or space on the grounds of the White House. Specifically, we seek any record of visits to the White House or the Vice President's residence by the following individuals:

> Jack Abramoff
> Michael Scanlon
> Neil Volz
> Tony Rudy
> Shawn Vassell
> Kevin Ring
> Edwin Buckham
> Patrick Pizzella

We seek records of any and all kind, including electronic records, audiotapes, videotapes, photographs, and computer print-outs. Our request includes any telephone messages, voice mail messages, and daily agenda and calendars.

If it is your position that any portion of the requested records is exempt from disclosure, CREW requests that you provide it with an index of those documents, as required under Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S.

977 (1972). As you are aware, a <u>Vaughn</u> index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA." <u>Founding Church of Scientology v. Bell</u>, 603 F.2d 945, 959 (D.C. Cir. 1979). Moreover, the <u>Vaughn</u> index must "describe each document or portion thereof withheld, and for each withholding it must discuss the consequences of supplying the sought-after information." <u>King v. U.S. Dep't of Justice</u>, 830 F.2d 210, 223-24 (D.C. Cir. 1987).

In the event that some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable, non-exempt portions of the requested records. *See* 5 U.S.C. §552(b). If it is your position that a document contains non-exempt segments and that those non-exempt segments are so dispersed throughout the documents as to make segregation impossible, please state what portion of the document is non-exempt, and how the material is dispersed through the document. <u>Mead Data Central v. U.S. Dep't of the Air Force</u>, 455 F.2d 242, 261 (D.C. Cir. 1977). Claims of non-segregability must be made with the same detail as required for claims of exemptions in a <u>Vaughn</u> index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

### Request for Expedition

Pursuant to 5 U.S.C. §552(a)(6)(E)(i) and DHS regulations, 6 CFR §5.5(d), CREW requests that the Secret Service expedite the processing of this request in light of the compelling need for the requested information. CREW is a non-profit corporation engaged primarily in disseminating information it gathers from a variety of sources, including the Freedom of Information Act, and seeks the information requested in this FOIA request for the express purpose of disseminating it to the public. CREW's website, www.citizensforethics.org, contains numerous examples of its efforts, including a link to a site, prepared by CREW, that details the many activities of Jack Abramoff, a Washington lawyer and lobbyist who recently pled guilty to several counts of criminal misconduct, and the many powerful individuals linked to Mr. Abramoff, including public officials. As another example, CREW published a report, *Addicted to Porn: How Members of Congress Benefit fro Pornography*, that details the campaign contributions that members of Congress had received from corporations involved in pornography. And CREW publishes on its website the numerous ethics complaints it has prepared and that are often based in part on information CREW acquired through the FOIA. It is CREW's hope that by disseminating this type of information, the public will be better able to evaluate the actions of our public officials, making those officials more accountable for their actions and thereby granting the public a more effective voice, including in the voting booth.

As with the Electronic Privacy Information Center and the ACLU, two organizations that the courts have found satisfy the criteria necessary to qualify for

expedition,[1] CREW "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw material into a distinct work, and distributes that work to an audience." ACLU, 321 F.Supp.2d at 30 n.5 (quotation omitted).

There is a particular urgency in informing the public about whether the President, the Vice President, and/or their staff met with Jack Abramoff and the other individuals associated with Mr. Abramoff and to whom this FOIA request pertains. There has been endless speculation in countless media reports about what relationship Mr. Abramoff and his associates had with the White House and, specifically, the President. The public has a need to know whether and when meetings between them took place to evaluate the nature of this association and how it may have influenced the President and his staff in the exercise of his authority.

Pursuant to 6 CFR §5.5(d)(3), I hereby certify that the bases for CREW's request for expedition, as set forth herein, are true and correct to the best of my knowledge and belief. Accordingly, CREW requests that the Secret Service expedite its processing of this FOIA request.

### Fee Waiver Request

In accordance with 5 U.S.C. §552(a)(4)(A)(iii), CREW requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government and the disclosures will likely contributed to a better understanding of relevant government procedures by CREW and the general public in a significant way. Moreover, the request is primarily and fundamentally for non-commercial purposes, pursuant to 5 U.S.C. §552(a)(4)(A)(iii). See, e.g., McClellan Ecological v. Carlucci, 835 F.2d 1282, 1285 (9th Cir. 1987). Specifically, the requested records are likely to contribute to the public's understanding of the individual or individuals that influence, or attempt to influence, the President in the exercise of his authority.

CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code. CREW is committed to protecting the citizens' right to be aware of the activities of government officials and to ensuring the integrity of those officials. CREW is dedicated to empowering citizens to have an influential voice in government decisions and in the government decision-making process. CREW uses a combination of research, litigation, and advocacy to advance its mission. The release of information garnered through this request is not in CREW's financial interest. CREW will analyze

---

[1] See ACLU v. Dep't of Justice, 321 F.Supp.2d 24, 30 (D.D.C. 2004), EPIC v. Dep't of Defense, 241 F.Supp.2d 5, 11 (D.D.C. 2003).

3

the information responsive to this request and intends to share its analysis with the public, either through memoranda, reports, or press releases.

Under these circumstances, CREW satisfied fully the criteria for a fee waiver.

If you have any questions about this request, or foresee any problems in releasing fully the requested records on an expedited basis, please call Anne Weismann at (202) 589-5565.  Also, if CREW's request for a fee waiver is not granted in full, please contact our office immediately upon making such a determination.  Please send the requested documents to Anne Weismann, Citizens for Responsibility and Ethics in Washington, 11 Dupont Circle, N.W., 2nd Floor, Washington, D.C.  20036.

Sincerely,


ANNE L. WEISMANN
Chief Counsel
Citizens for Responsibility and Ethics
 in Washington

# EXHIBIT B

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

DEMOCRATIC NATIONAL COMMITTEE,   :
                                      :

     Plaintiff,               :

                                       :

        v.                   :   Civil Action No. 06-0842 (JGP)

                                     :

UNITED STATES SECRET SERVICE,     :

                                     :

     Defendant.            :

---

CITIZENS FOR RESPONSIBILITY AND    :
ETHICS IN WASHINGTON,            :

                                     :

     Plaintiff,               :

                                     :

        v.                   :   Civil Action No. 06-0083 (JGP)

                                     :

U.S. DEPARTMENT OF HOMELAND    :
SECURITY,                         :

                                     :

     Defendant.            :

---

**SECOND AMENDED COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF**

     1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, as

amended, and agency FOIA regulations, challenging the failure of the United States Secret

Service ("Secret Service"), a component of the U.S. Department of Homeland Security ("DHS"),

to fulfill the request of Plaintiff for documents relating to any visits that specified individuals

made to the White House or the residence of the Vice President between January 1, 2001, and

the present.  This action is also brought under the Federal Records Act ("FRA"), 44 U.S.C.

§§3301 et seq., which includes the Disposal of Records Act, 44 U.S.C. §§3301-3314, and the

Administrative Procedure Act, 5 U.S.C. §706, challenging the policy of the Secret Service to

erase federal records, including Worker and Visitor Entry System ("WAVES") records, from its computer system once it has transferred the information on those records to the White House.

2. This case seeks declaratory relief that Defendant is in violation of the FOIA for failing to fulfill Plaintiff's request for records and for failing to act on and grant Plaintiff's request for expedition, and injunctive relief that Defendant immediately and fully comply with Plaintiff's requests under the FOIA. Plaintiff also seeks declaratory relief that Defendant's policy of destroying WAVES records without complying with the requirements of the FRA is arbitrary, capricious, and contrary to law, and injunctive relief that Defendant immediately take all necessary steps to cease destruction of WAVES records and to secure the return of the WAVES records it provided to the White House.

## JURISDICTION AND VENUE

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §552(a)(4)(B) and 5 U.S.C. §702, which gives the Court jurisdiction over agency actions where an aggrieved party has suffered wrong within the meaning of a "relevant statute," here the FRA. This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue lies in this district under 5 U.S.C. §552(a)(4)(B) and 5 U.S.C. §703.

## PARTIES

4. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code. CREW is committed to protecting the right of citizens to be informed about the activities of government officials and to ensuring the integrity of government officials. CREW is dedicated to

2

empowering citizens to have an influential voice in government decisions and in the governmental decision-making process.  CREW uses a combination of research, litigation, and advocacy to advance its mission.  As part of its research, CREW uses government records made available to it under the FOIA.

5.  CREW has invested considerable organizational resources in pushing the U.S. government to take ethics issues seriously.  CREW monitors closely the laws and rules applicable to government agencies.

6.  CREW is harmed by DHS's failure to comply with the FOIA, because that failure harms CREW's ability to provide full, accurate, and current information to the public.  5 U.S.C. §552(a)(6)(C).

7.  CREW is also harmed by DHS's failure to comply with the FRA, because that failure has denied CREW access to WAVES records that are a critical part of the evidentiary record concerning the activities of convicted felon Jack Abramoff, information that is "in the public interest."  44 U.S.C. §3303(a)(c)(3); *see also* American Friends Service Comm. v. Webster, 720 F.2d 29 (D.C. Cir. 1983).

8.  Defendant DHS is an agency within the meaning of 5 U.S.C. §552(f) and 5 U.S.C. §702.  DHS and its component, the Secret Service, have possession and control of the requested records, with the exception of requested WAVES records that DHS has destroyed, and are responsible for fulfilling Plaintiff's FOIA request.  DHS and its component the Secret Service have adopted a record-keeping policy that has resulted in the destruction of the federal records in question and are responsible for the harm done to CREW's ability to obtain and make public those records.  *See* 44 U.S.C. §§ 3301, et seq.; 5 U.S.C. §702.

3

## STATUTORY FRAMEWORK

### The Freedom of Information Act

9.  The FOIA, 5 U.S.C. §552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

10.  An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request, and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. §552(a)(6)(A)(i).

11.  An agency must respond to a FOIA appeal within 20 working days, notifying the appealing party of the agency's determination to either release the withheld records or uphold the denial. 5 U.S.C. §552(a)(6)(A)(ii).

12.  In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and must also provide "the date on which a determination is expected to be dispatched." 5 U.S.C. §552(a)(6)(B).

13.  This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. §552(a)(4)(B).

14.  The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records. Specifically, when requiring the release of improperly withheld records, if the Court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered. 5 U.S.C. §552(a)(4)(F).

15.  The FOIA also requires agencies to promulgate regulations that provide for expedited processing of FOIA requests where the requester has demonstrated a "compelling need" as well as "other cases determined by the agency." 5 U.S.C. §552(a)(6)(E)(i).  The statute defines "compelling need" as including requests "made by a person primarily engaged in disseminating information" where there is an "urgency to inform the public concerning actual or alleged Federal Government activity." Id. at §552(a)(6)(E)(v)(III).

16.  Defendant DHS's regulations mirror these requirements by providing for expedition upon a showing of "an urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information." 6 CFR §5.5(d)(1)(ii).  The regulations provide further that if the requester is "not a full-time member of the news media," the requester "must establish that he or she is a person whose main professional activity or occupation is information dissemination, though it need not be his or her sole occupation." 6 CFR §5.5(d)(3).

17.  Agencies are required to make a determination on a request for expedition within 10 days "after the date of the request," 5 U.S.C. §552(a)(6)(E)(ii)(I), and to give "expeditious consideration" to administrative appeals of such determinations. Id. at §552(a)(6)(E)(ii)(II). DHS regulations also require the Defendant to act on appeals of denials of expedition "expeditiously." 6 CFR §5.5(d)(4).

18.  Agency decisions to deny or affirm denial of a request for expedition are subject to judicial review "based on the records before the agency at the time of the determination." 5 U.S.C. §552(a)(6)(E)(iii).

### The Federal Records Act

5

19.  The FRA is a collection of statutes that governs the creation, management and disposal of federal records.  *See generally* 44 U.S.C. §§2101 et seq., 2901 et seq., 3010 et seq., and 3301 et seq.  Among other things, the FRA ensures "[a]ccurate and complete documentation of the policies and transactions of the Federal Government," as well as "judicious preservation and disposal of records."  44 U.S.C. §2902.

20.  To fulfill this purpose, the FRA requires the head of each agency to "make and preserve records containing adequate and proper documentation of the organization, functions, policies, decisions, procedures, and essential transactions of the agency."  Id. at §3101.  Under the statute, each agency must also "establish and maintain an active, continuing program for the economical and efficient management of the records of the agency," id. at §3102, and must "establish safeguards against the removal or loss of records" the agency head determines are necessary and required by regulations of the Archivist.  Id. at §3105.

21.  The FRA also prescribes the exclusive mechanism for disposal of federal records, which it defines to include:

> all books, papers, maps, photographs, machine readable materials, regardless of physical form or characteristics, made or received by an agency of the United States Government under Federal law or in connection with the transaction of public business and preserved or appropriate for preservation by that agency . . . as evidence of the organization, functions, policies, decisions, procedures, operations, or other activities of the Government or because of the informational value of data in them.

44 U.S.C. §3301.  No records may be "alienated or destroyed" except pursuant to the disposal provisions of the FRA.  Id. at §3314.

22.  The Archivist administers the provisions of the FRA, and may authorize an agency to dispose of records that the agency no longer needs and that do not have "sufficient administrative,

6

legal, research, or other value to warrant their continued preservation by the Government." 44

U.S.C. §3303a(a). Only if the Archivist determines that agency records do not have

administrative, legal, research, or other value can the Archivist authorize their disposal. Id. at §§

3303a(a), (d), and (e).

23. An agency wishing to dispose of records must first submit to the Archivist either lists

of records the agency head determines "are not needed by it in the transaction of its current

business," 44 U.S.C. §3303a(2), or "schedules proposing the disposal after the lapse of specified

periods of time of records of a specified form or character" that the agency head determines will

not have "sufficient administrative, legal, research, or other value to warrant their further

preservation by the Government." Id. at §3303a(3). Upon receipt of such a request, the Archivist

must issue a notice requesting public comment on the agency's proposal and the Archivist's staff

must conduct its own assessment of the value of the records the agency is proposing to destroy.

Id. at §3303a(a). The Archivist is free to accept or reject an agency's proposal. Id.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

24. On February 2, 2006, Plaintiff sent a FOIA request to Defendant seeking records,

regardless of format and including electronic records and information, relating to any visit that

any of the following individual made to the White House or the residence of the Vice President

from January 1, 2001, to the present:

    Jack Abramoff
    Michael Scanlon
    Neil Volz
    Tony Rudy
    Shawn Vassell
    Kevin Ring
    Edwin Buckham
    Patrick Pizzella

7

<u>Letter from Anne L. Weismann to United States Secret Service, Freedom of Information and Privacy Acts Branch</u>, February 2, 2006 (attached as Exhibit A).

25.  CREW also requested expedition of its FOIA request pursuant to 5 U.S.C. §552(a)(6)(E)(i) and DHS regulations, 6 CFR §5.5(d).  <u>Id</u>.  As CREW explained,

> [t]here is a particular urgency in informing the public about whether the President, the Vice President, and/or their staff met with Jack Abramoff and the other individuals associated with Mr. Abramoff and to whom this FOIA request pertains.  There has been endless speculation in countless media reports about what relationship Mr. Abramoff and his associates had with the White House and, specifically, the President.  The public has a need to know whether and when meetings between them took place to evaluate the nature of this association and how it may have influenced the President and his staff in the exercise of his authority.

<u>Id</u>.  CREW also established that, "as a non-profit corporation engaged primarily in disseminating information it gathers from a variety of sources, including the Freedom of Information Act," CREW satisfies the criteria for expedition.  <u>Id</u>.  As CREW explained, "CREW 'gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw material into a distinct work, and distributes that work to an audience.'"  <u>Id</u>., <u>American Civil Liberties Union v. U.S. Dep't of Justice</u>, 321 F.Supp.2d 24, 30 n.5 (internal quotations omitted).

26.  CREW also sought a waiver of fees associated with processing its request given that the request concerns the operations of the federal government, the disclosures will likely contribute to a better understanding of relevant government procedures, and the request is primarily and fundamentally for non-commercial purposes.  *See* Exhibit A.

27.  To date, CREW has received no response to this request, with the exception of a letter dated March 1, 2006, in which the Secret Service acknowledged receipt of CREW's request and noted that "[a] search for files responsive to your request is being conducted," <u>Letter from Kathy</u>

8

J. Lyerly, Special Agent in Charge to Anne L. Weismann, March 1, 2006 (attached as Exhibit B),

and a fax from the Secret Service forwarding to CREW records that the Secret Service had

released on that date to Judicial Watch (attached as Exhibit C).

28.  The statutory time for the Secret Service to respond to Plaintiff's February 2, 2006

FOIA request has run out and Plaintiff has constructively exhausted its administrative remedies

with respect to its request for expedition and with the processing of CREW's FOIA request.  5

U.S.C. §552(a)(6)(C); Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 65 (D.C. Cir. 1990).

29.  On May 16, 2006, the Secret Service filed a motion to dismiss for lack of subject

matter jurisdiction in Judicial Watch v. U.S. Secret Service, (D.D.C. Civil No. 06-310 (JGP)),

("Secret Service Mem.") (attached as Exhibit D), another FOIA lawsuit challenging the failure of

the Secret Service to produce records in response to plaintiff Judicial Watch's request for all

records that reflect the entries and exits of lobbyist Jack Abramoff to and from the White House.

As part of its motion, the Secret Service submitted the declaration of Kathy J. Lyerly ("Lyerly

Decl."), the Special Agent in Charge of the Liaison Division and the Freedom of Information and

Privacy Acts Office for the Secret Service.

30.  Ms. Lyerly attested to the "longstanding practice of the Secret Service to transfer

WAVES records on CD-ROM to the White House every 30 to 60 days."  Lyerly Decl., ¶10.  Ms.

Lyerly did not explain what she means by "longstanding practice."  Based on prior litigating

experience of CREW's counsel representing the Secret Service in litigation involving WAVES

records, CREW submits that this practice postdates January 21, 2001, when the Bush

administration came to power.

31.  Ms. Lyerly also stated that "once the Secret Service transferred the WAVES records,

the Secret Service ensured that those records were erased from its computer system." Id.

According to Ms. Lyerly, beginning in October 2004, "at the request of the National Archives and

Records Administration, the Secret Service began temporarily retaining its own copy of the

WAVES records that it transferred to the White House. As such, the Secret Service has in its

possession WAVES records dating back only to October 2004." Id., ¶11.

32.   Based on Ms. Lyerly's declaration, the Secret Service argued in its motion that its

failure to produce any WAVES records of Mr. Abramoff's White House visits prior to October

2004 "is not surprising because defendant does not possess WAVES records for the time period

in which those visits took place." Secret Service Mem. at 6. In other words, the Secret Service

no longer possesses WAVES records requested by Judicial Watch and Plaintiff CREW in its

FOIA request of February 2, 2006, because the Secret Service destroyed those records once they

sent copies to the White House.

<div align="center">

**PLAINTIFF'S CLAIMS FOR RELIEF**

**CLAIM ONE**

**(Failure to Produce Records Under the FOIA)**

</div>

33.   Plaintiff realleges and incorporates by reference all preceding paragraphs.

34.   Plaintiff properly asked for records within the custody and control of DHS.

35.   Plaintiff is entitled by law to access to the records requested under the FOIA, unless

Defendant makes an explicit and justified statutory exemption claim.

36.   Therefore, Defendant violated FOIA's mandate to release agency records to the

public by failing to release the records as Plaintiff specifically requested.  5 U.S.C.

§§552(a)(3)(A), 55(a)(4)(B)

<div align="center">

10

</div>

## CLAIM TWO

### (Failure to Respond Under the FOIA)

37. Plaintiff realleges and incorporates by reference all preceding paragraphs.

38. On February 2, 2006, Plaintiff properly filed a FOIA request with DHS.

39. To date, Plaintiff has not received a substantive response directly from DHS, and DHS has exceeded the 20-working-day statutory time limit for such a response. 5 U.S.C. §552(a)(6)(A)(i).

40. Therefore, DHS has violated the FOIA's mandate to respond to Plaintiff's FOIA request within the statutory time period.

## CLAIM THREE

### (Failure to Expedite Under the FOIA)

41. Plaintiff realleges and incorporates by reference all preceding paragraphs.

42. Plaintiff has demonstrated that it is entitled to expedition of its FOIA request because there is a compelling need for the requested information and because plaintiff is engaged primarily in disseminating information, as contemplated by DHS's regulations, 6 CFR §5.5(d).

43. Therefore, DHS violated FOIA's mandate to expedite Plaintiff's FOIA request and DHS's own regulations when it failed to act on and grant Plaintiff's request for expedition. 5 U.S.C. §552(a)(6)(E); 6 CFR §5.5(d).

## CLAIM FOUR

### (Policy to Destroy Records Subject to the FRA)

44. Plaintiff realleges and incorporates by reference all preceding paragraphs.

45. The WAVES records that the Secret Service creates and maintains are records within

the meaning of the Federal Records Act, 44 U.S.C. §3314. Accordingly, any agency policy that permits or authorizes disposal of these records must conform to the requirements of the FRA.

46. The policy of the Secret Service and the DHS to erase from its computer all WAVES records once the information in those records has been transferred to the White House is arbitrary, capricious, and contrary to law, because it permits the disposal of records that have not been subject to a disposition schedule that has been subject to public comment and approved by the Archivist, based on the Archivist's finding that the WAVES records do not have administrative, legal, research, or other value. Id. §§ 3303a(a), (d), and (e).

47. As a result of Defendant's unlawful policy in violation of the FRA, Plaintiff was denied a right of access to information in the public interest, including an important part of the historical record concerning the relationship between the White House and convicted felon Jack Abramoff.

48. As a result of Defendant's unlawful policy, Plaintiff was denied its right to notice and the opportunity to comment on the proposed destruction of agency records.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare that DHS has violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's FOIA request of February 2, 2006;

(2) Order DHS to respond to Plaintiff's FOIA request immediately;

(3) Declare that DHS violated the Freedom of Information Act and agency regulations when it failed to act on and grant Plaintiff's request for expedition;

(4) Order DHS to expedite immediately its processing of Plaintiff's request;

(5) Declare that DHS's policy of destroying WAVES records is arbitrary, capricious, and

contrary to law;

(6) Enjoin DHS from destroying any WAVES records;

(7) Order DHS to take all necessary steps to retrieve from the White House copies of all

WAVES records that it forwarded to the White House but failed to maintain within the Secret

Service;

(8) Award Plaintiff reasonable attorney fees and litigation costs in this action, pursuant to

5 U.S.C. §552(a)(4)(E); and

(10) Grant such other and further relief as the Court may deem just and proper.

<div style="margin-left: 40%;">

Respectfully submitted,

_____/s/_____

Anne L. Weismann
(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
Citizens for Responsibility and Ethics
 in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
Phone: (202) 408-5565
Fax: (202) 588-5020

Attorneys for Plaintiff

</div>

Dated: July 27, 2006

# EXHIBIT C

*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLUMBIA*

| | |
|---|---|
| **DEMOCRATIC NATIONAL COMMITTEE,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) Civil Action No. 06-0842 (JGP) |
| | ) |
| **UNITED STATES SECRET SERVICE,** | ) |
| | ) |
| **Defendant** | ) |

## MEMORANDUM ORDER

This matter comes before the Court on Defendant's motion to consolidate this matter with

*Citizens for Responsibility and Ethics in Washington v. U.S. Dep't of Homeland Security*, Civil

Action No. 06-0883 (EGS).[1]  Plaintiff Democratic National Committee ("DNC") does not oppose

this motion.  Citizens for Responsibility and Ethics in Washington ("CREW") opposes the motion.[2]

Rule 42 (a) of the Federal Rules of Civil Procedure permits pending civil actions to be

consolidated when they "involv[e] a common question of law or fact."  Whether to consolidate is a

matter within the Court's discretion, *see, e.g., Santucci v. Pignatello*, 88 U.S. App. D.C. 190, 192,

188 F.2d 643, 645 (1951), and typically involves weighing the interests of judicial convenience and

economy against the dangers of confusion and  prejudice.  *See, e.g., Chang v. United States*, 217

F.R.D. 262, 265 (D.D.C. 2003); *Judicial Watch, Inc. v. U.S. Dep't of Energy*, 207 F.R.D. 8

(D.D.C. 2002).

---

[1]Motions to consolidate are heard by the Judge to whom the earlier-numbered case is assigned.  LCvR 40.5(d).

[2]CREW is the plaintiff in the other matter and has filed an unopposed motion to intervene for the limited purpose of filing an opposition to the motion to consolidate.  For good cause shown, the Court will grant that motion.

Defendant argues that the cases should be consolidated because both are in their early stages and because both plaintiffs seek disclosure of the same types of records for the same period of time from the same source, namely, records of visits to the White House from January 2001 to the present from DHS.[3]  Defendant also asserts that both cases raise the same legal issue, specifically, whether the records at issue are "agency records" within the meaning of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Finally, Defendant asserts that any FOIA exemptions applicable to the records would be common to both suits.  Accordingly, Defendant argues that consolidation serves the interests of judicial economy, eliminates the risk of inconsistent judgments, and will not prejudice either Plaintiff.

Defendant does acknowledge that the lists of individuals for whom visit records are sought overlap but are not identical; that the buildings for which the records are sought also differ somewhat; and that while both parties assert claims under FOIA, CREW asserts an additional claim under the Federal Records Act ("FRA"), 44 U.S.C. §§ 3101 *et seq*.  Defendant argues that this different claim would not result in delay, but would simply proceed along a separate track from the FOIA claims.

CREW opposes consolidation based on those factual and legal differences.  Crew also asserts that the FRA claim is based on different facts from the FOIA claim, will likely require discovery, and will thus result in delay and prejudice to the DNC.   Crew suggests that it is improper to consider Defendant's anticipated defense – that the records are not "agency records" within the

---

[3]Although this suit was filed against the U.S. Secret Service ("USSS"), Defendant asserts that USSS is not a proper party to this motion, that the U.S. Department of Homeland Security ("DHS") is the true defendant in both cases, and that it is DHS who moves the Court for consolidation.  The Court notes that the USSS is a component of DHS and that both are represented by the same counsel, so this matter is of little practical significance for purposes of the current motion.  The parties are free to address this issue in a future motion.

meaning of the FOIA – in deciding whether to consolidate the cases.[4]

The facts of the matter are as follows: These cases were filed two days apart, answers were filed on the same day, and there has been no significant procedural history in either case. In this case, the DNC sought visit records relating to Jack Abramoff, Michael Scanlon, Patrick Pizzella, Grover Norquist, Ralph Reed, and David H. Safavian. DNC Compl. ¶ 6. CREW sought records relating to Jack Abramoff, Michael Scanlon, Patrick Pizzella, Neil Volz, Tony Rudy, Shawn Vassell, Kevin Ring, and Edwin Buckham. CREW Am. Compl. ¶ 24. Thus, both Plaintiffs seek records on three of the same individuals, DNC seeks records on three additional individuals, and CREW seeks records on five additional individuals.

The DNC sought records from January 20, 2001 to May 12, 2005 while CREW sought records dating from January 1, 2001 to the present. DNC Compl. ¶ 6; CREW Am. Compl. ¶ 24. The DNC sought records from the "White House Complex", while CREW sought records from the White House or the residence of the Vice President. *Id*. CREW defined "White House" as "includ[ing], but . . . not limited to, any office within the Executive Office of the President, the residence of the President, the Old and New Executive Office Buildings, and any other office or space on the grounds of the White House." CREW FOIA Req. 1, Feb. 2, 2006.

The DNC's claim consists of one count of failure to produce records under the FOIA. DNC Compl. ¶¶ 12-18. CREW's complaint contains three counts under the FOIA for failure to produce records, failure to respond, and failure to expedite, CREW Am. Compl. ¶¶ 33-43, as well as one count under the FRA . *Id*. ¶¶ 44-47.

The Court finds that these matters have significant facts and issues in common, and that consolidation would serve the interests of judicial economy. The Court would have weighed

---

[4]CREW has filed a motion for leave to file a surreply, which is unopposed. Accordingly, the Court will grant it.

seriously any contention by the DNC that CREW's additional claims would cause delay and

therefore prejudice, but the DNC has not taken any position on this matter.  CREW's representations

about prejudice to the DNC are not persuasive, given that the DNC was perfectly capable of

weighing in on the subject by itself.  Accordingly, it is hereby

> ORDERED that the **Motion of Citizens for Responsibility and Ethics in Washington to Intervene for the Limited Purpose of Filing an Opposition to Defendant's Motion for Consolidation [7]** is **GRANTED**; it is further

> ORDERED that Citizens for Responsibility and Ethics in Washington's **Motion for Leave to File Surreply to Defendant's Reply Memorandum in Further Support of its Motion for Consolidation [11]** is **GRANTED**; and it is further

> ORDERED that Defendant's **Motion for Consolidation [6]** is **GRANTED**.


DATE: July 18, 2006                               **JOHN GARRETT PENN**
                                                  **United States District Court**