UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Civil Action No. 06-310 (RMC)<br>UNITED STATES SECRET SERVICE, )<br>)<br>Defendant. )<br>) | |

## STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT

1. By a letter dated January 20, 2006, plaintiff submitted a FOIA request seeking "all agency records concerning, relating to, or reflecting * * * [a]ll White House visitor logs from January 1, 2001 to present that reflect the entries and exit(s) of lobbyist Jack Abramoff from the White House." Freedom of Information Act Request, January 20, 2006, at 1 (attached as Exhibit 2 to plaintiff's Motion to Compel Defendant United States Secret Service to Comply with This Court's Order and for Sanctions, May 16, 2006, Doc. No. 12).

2. About three months later, plaintiff and defendant entered into a stipulation which was endorsed by the Court. Joint Stipulation and Agreed Order, April 25, 2006 ("Joint Stipulation"), Doc. No. 8. In the Joint Stipulation, Defendant agreed to produce responsive documents "without redactions or claims of exemption" by May 10, 2006. Id. ¶ 2.

3. By May 10, 2006, defendant conducted a reasonable search and released to plaintiff all known responsive records. Declaration of Kathy J. Lyerly, May 16, 2006 ("Lyerly Decl."), ¶¶ 3-19 (attached to Defendant's Memorandum in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction, May 16, 2006 ["Memo."], Doc. No. 14. ); Second Declaration of Kathy J. Lyerly, July 7, 2006 ("Second Lyerly Decl."), ¶¶ 3-12 (attached to Defendant's Reply in Support of Its Motion to Dismiss for Lack of Subject Matter Jurisdiction, July 7, 2006 ["Reply"], Doc. No. 22. ).

4. Shortly thereafter, defendant supplemented its prior document production by releasing several more responsive records. See Second Lyerly Decl. ¶ 13. The records released comprised Worker and Visitor Entrance System ("WAVES") data and Access Control Records System data ("ACR"), id., which generally speaking record visits by individuals to the White House Complex (also "Complex"), and which were described in detail in Lyerly Decl. ¶¶ 7, 8, and Declaration of Paul S. Morrissey, December 12, 2006 ("Morrissey Decl.") (attached to Notice of Filing, December 12, 2006, Doc. No. 31), ¶ 3 (incorporating discussion of these records by reference).

5. Defendant also filed a declaration in December 2006 describing additional potentially relevant categories of records that it had identified. See Morrissey Decl. Though it was not clear whether all of the records in these categories were responsive, defendant searched them. Id. ¶¶ 4,5. No responsive records were located. Id.

6. Defendant has identified as potentially responsive several categories of records that were not addressed in previous filings in this case, including records referred to as Sensitive Security Records. Second Declaration of Paul S. Morrissey, November 30, 2007

("Second Morrissey Decl."), ¶¶ 3, 5 (attached to Defendant's Supplemental Motion for Summary Judgment ["Supplemental Motion"], Doc. No. 36, as Exhibit 1); Declaration of Craig W. Ulmer, November 30, 2007 ("Ulmer Decl."), ¶¶ 5-6 (attached to Supplemental Motion as Exhibit 2).

7. Sensitive Security Records relate to the background investigation and security process sometimes undertaken in connection with a visit to the White House Complex. Second Morrissey Decl. ¶ 3; Ulmer Decl.¶ 10. These records are created in the course of conducting additional background checks and other security-related activities regarding certain visitors, who are chosen based on certain details in their backgrounds and/or the circumstances of their visits. Second Morrissey Decl. ¶ 3; Ulmer Decl. ¶ 10. Included in these records are the names and other identifying information concerning such visitors (including, in some cases, their birth dates and/or Social Security numbers) and background information on them or information regarding their visits to the Complex, which may include criminal history and/or other security-related information. Second Morrissey Decl. ¶ 3.

8. Leaving aside Sensitive Security Records, in an abundance of caution, defendant searched these records and found no responsive records. See Second Morrissey Decl. ¶¶ 5-6; Ulmer Decl. ¶ 5.

9. As for the Sensitive Security Records, defendant can neither confirm nor deny that it has any Sensitive Security Records responsive to this FOIA request. Second Morrissey Decl. ¶ 4; Ulmer Decl. ¶¶ 12, 19.

10. Releasing the name of an individual whose visit did or did not prompt the additional

    protective activities reflected in the Sensitive Security Records would provide insight into the circumstances in which such records are (or are not) created.  Second Morrissey Decl. ¶ 4; Ulmer Decl. ¶¶ 12, 19.  This information could allow persons so inclined to figure out the nature of the protective activities reflected in these records.  Second Morrissey Decl. ¶ 4; Ulmer Decl. ¶¶ 12, 19.

11. If any responsive Sensitive Security Records exist, they would be exempt from disclosure because they contain information that (i) is useless to the general public because it relates solely to the internal practices of the Secret Service, Ulmer Decl. ¶ 18, or that, if released, would impinge (ii) on the Secret Service's ability to fulfill its protective duties, Ulmer Decl. ¶¶ 17, 19-20, or (iii) on individuals' rights to privacy, Ulmer Decl. ¶¶ 21-25.

Dated:  December 7, 2007

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

CARL J. NICHOLS
Deputy Assistant Attorney General

JOSEPH H. HUNT
Branch Director

ELIZABETH J. SHAPIRO
Assistant Branch Director

OF COUNSEL:

LIZA MURPHY
MOLLY WEBER
United States Secret Service

s/ Justin M. Sandberg
JUSTIN M. SANDBERG
(Ill. Bar. No. 6278377)
Trial Attorney
United States Department of Justice

Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W. #7224
P.O. Box 883 Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-3489
Facsimile: (202) 616-8202
E-mail: justin.sandberg@usdoj.gov

Attorneys for Defendant