# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil No. 1:06-310 (RCL) |
| UNITED STATES SECRET SERVICE, | : | |
| Defendant. | : | |
| | | |
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | : | |
| Plaintiff, | : | |
| v. | : | Civil No. 06-883 (RCL) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | : | |
| Defendant. | : | |

**PLAINTIFF CITIZENS FOR RESPONSIBILITY AND ETHICS' RESPONSE TO STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S "SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT <u>ON CLAIMS I-III</u>**

1. Undisputed that by letter dated February 2, 2006, plaintiff submitted a FOIA request to the Secret Service and that this is a partial description of that request, the contents of which speak for themselves. Exhibit A to Second Amended Complaint.

2. Undisputed that defendant released to plaintiff certain responsive records in September 2006, but disputed that as of September 21, 2006, defendant had made that release. Disputed that plaintiff conducted a reasonable search. As defendant is in sole possession of all facts as to what were known responsive records, plaintiff is unable without discovery to dispute

defendant's assertion that it released to plaintiff all known responsive records.

      3. Undisputed that the records defendant released comprised certain WAVES and ACR data/records which include, among other things, dates and times of visits by individuals to the White House Complex. Disputed that the records were described in detail in the declaration of Kathy J. Lyerly, the contents of which speak for themselves.

      4. Undisputed that in December 2006, defendant filed a declaration describing additional relevant categories of records that defendant had not previously identified in this litigation and that defendant asserted it had searched. Disputed that those categories of records were potentially relevant given the express language and scope of plaintiff's FOIA request. Undisputed that defendant located at least one responsive record that it released to plaintiff. Disputed that the release was a discretionary matter given that the FOIA imposes on defendant a mandatory obligation to release to plaintiff all responsive non-exempt materials. The remainder of this paragraph is a characterization of the declaration, the contents of which speak for themselves.

      5. Undisputed that defendant has identified several categories of responsive records that were not discussed in previous filings in this case, including certain large event summaries and a category of records it has most recently labeled "Sensitive Security Records." Disputed that these records may not be responsive given the express language and scope of plaintiff's FOIA request. As defendant is in sole possession of all facts regarding its processing of plaintiff's request, plaintiff is unable, without discovery, to dispute the remainder of defendant's factual assertions about that processing.

      6. As defendant is in sole possession of all facts regarding its alleged search, plaintiff is

unable, without discovery, to dispute defendant's factual assertions about its alleged search.

7. As defendant is in sole possession of all facts regarding how large event summaries are created, plaintiff is unable, without discovery, to dispute defendant's factual assertions about these records. Undisputed that large event summaries include the names and appointment times of certain individuals scheduled to visit the White House.

8. As defendant is in sole possession of all facts regarding the activities of the WAVES Center and the transfer of any summaries it prints out to the WHORM, plaintiff is unable, without discovery, to dispute defendant's factual assertions regarding the WAVES Center and its records.

9. As defendant is in sole possession of all facts regarding its alleged search for large event summaries, plaintiff is unable, without discovery, to dispute defendant's factual assertions regarding that alleged search, except that it is undisputed that at least two large event summaries containing the name Shawn Vasell were located.

10. As defendant is in sole possession of all facts regarding its processing of plaintiff's FOIA request, plaintiff is unable, without discovery, to dispute defendant's factual assertions regarding that processing.

11. Disputed that whether the records at issue are exempt from disclosure is an issue of fact. It is an issue of law to be determined by the Court. Undisputed that defendant redacted from large event summaries certain information, not described with any particularity, that it claims is exempt under Exemption 2 and Exemption 7(E).

12. Undisputed that defendant redacted from the large event summaries information that it has described as dates of birth, Social Security numbers of visitors to the White House

Complex and the name of a Secret Service Uniformed Division Officer. Disputed that whether these records are exempt from disclosure is an issue of material fact. It is an issue of law to be determined by the Court.

13. Undisputed that defendant, though its counsel, has released certain large event summaries relating to Shawn Vassell with redactions. As defendant is in sole possession of all facts regarding its processing of plaintiff's request, plaintiff is unable, without discovery, to dispute factual assertions about that processing.

14. As defendant is in sole possession of all facts regarding the withheld records at issue, plaintiff is unable to dispute defendant's factual assertions regarding any such records.

15. As defendant is in sole possession of all facts regarding its alleged search for responsive records, plaintiff is unable without discovery to dispute defendant's factual assertions regarding the alleged search.

16. Disputed that defendant is unable to confirm or deny whether it has any sensitive security records with respect to any single individual. Plaintiff does not dispute that defendant has addressed these records together.

17. Disputed.

18. Disputed that whether the records at issue are exempt from disclosure is an issue of fact. It is an issue of law to be determined by the Court.

                                      Respectfully submitted,

                                      /s/
                                      Anne L. Weismann
                                      (D.C. Bar No. 298190)
                                      Melanie Sloan
                                      (D.C. Bar No. 434584)
                                      Citizens for Responsibility and Ethics

      in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C.  20005
Phone: (202) 408-5565
Fax: (202) 588-5020

Attorneys for Plaintiff

Dated:  January 10, 2008