UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES SECRET SERVICE, )<br>)<br>Defendant. )<br>)<br>CITIZENS FOR RESPONSIBILITY AND )<br>ETHICS IN WASHINGTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF HOMELAND )<br>SECURITY, )<br>)<br>Defendant. )<br>) | Civil Action No. 06-310 (RCL)<br><br><br><br><br><br>Civil Action No. 06-883 (RCL) |

**MEMORANDUM OPINION**

Presently before the Court is defendant U.S. Department of Homeland Security's Motion [45] to Dismiss Plaintiff's FOIA Claims.[1]  Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") alleges that the Department violated the Freedom of Information Act by

---

[1]On January 3, 2008, the Court consolidated Civil Actions No. 06-310 and No. 06-883. However, all filings to this motion were filed in No. 06-883 prior to consolidation, and thus relate only to the original parties in No. 06-883 (plaintiff Citizens for Responsibility and Ethics in Washington and defendant U.S. Department of Homeland Security).

1

(I) failing to release records requested by CREW, (II) failing to respond to CREW's request within the twenty-day statutory period, and (III) failing to grant CREW's request for expedited response. Defendant has fully complied with plaintiff's FOIA request as to ACR records and records at the Vice President's residence. However, because defendant has not yet made an adequate search of WAVES records, its motion shall be denied in that respect. Plaintiff's request for discovery shall be denied.

## I. BACKGROUND

In early 2006 plaintiff CREW made a Freedom of Information Act ("FOIA") request of defendant U.S. Department of Homeland Security seeking records of visits made by eight named individuals[2] to the White House or the residence of the Vice President. (2d Am. Compl. ¶ 24.) After receiving no conclusive response from defendant within the twenty-day statutory period provided by FOIA, plaintiff filed suit. (*Id.*) In responding to plaintiff's request, defendant searched records systems at both the White House complex and the Vice President's residence.

Defendant searched two records systems at the White House: Access Control System records ("ACR records") and Workers and Visitor Entrance System records "("WAVES records"). (Lyerly Decl. ¶10 (Sept. 21, 2006).) Defendant's declarations describe the two records systems:

> ACR records consist of records generated when a pass holder, worker, or visitor swipes his or her permanent or temporary pass over one of the electronic pass readers located at entrances to and exits from the White House Complex. ACR

---

[2]The eight individuals were Jack Abramoff, Michael Scanlon, Neil Volz, Tony Rudy, Shawn Vassell (as spelled in plaintiff's request), Kevin Ring, Edwin Buckham, and Patrick Pizzella.


> records include information such as the pass holder's name and badge number, the time and date of the swipe, and the post at which the swipe was recorded.
>
> WAVES records consist of records generated when information is submitted by a White House pass holder to the Secret Service about workers and visitors who need access to the White House Complex to conduct business or attend social events. WAVES records include the following information submitted by the pass holder: the visitor's name, date of birth, and Social Security number; the time and location of the planned visit; the name of the pass holder submitting the request; and the date of the request. They may also include [security-related information].

(*Id*. ¶¶7, 8.) Defendant noted that until October 2004 it had a "longstanding practice" of transferring WAVES records to the White House after thirty to sixty days, at which point defendant erased those records from its system. (*Id.* ¶13.) Thus, at the time of plaintiff's request, defendant did not physically possess—and did not search—WAVES records predating October 2004. (*Id.*) Defendant did locate some pre–October 2004 WAVES data on the hard drives of two computers that had been used in the transfer/erase process. Those computers were searched for records responsive to plaintiff's request. (*Id.* ¶22.) These ACR and WAVES searches located a number of responsive records. (*Id.* ¶¶15, 22.)

Defendant also searched records systems at the Vice President's residence. Defendant searched the Secret Service file server at the residence, Microsoft Outlook e-mails on command post computers, the access list database system, and the entry logs. (*Id.* ¶27.) No responsive records were located. (*Id.* ¶28.)

Before releasing the responsive ACR/WAVES records to plaintiff, defendant redacted some information from WAVES records. Defendant redacted visitors' dates of birth and social security numbers, as well as "limited information from background checks performed by the Secret Service and coded instructions to Secret Service officers who work in the Complex." (*Id.*

¶29.) Responsive records were then released to plaintiff. (*Id.* ¶30.)

## II. DISCUSSION

**A.     Legal Standard**

The mootness doctrine compels federal courts to dismiss an action for lack of subject matter jurisdiction if there is no ongoing case or controversy. In FOIA cases, there remains no case or controversy if the defendant agency has already fully complied with the plaintiff's information request, and the action can be dismissed. *See Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987) ("[I]f we are convinced [the agency has], however belatedly, released all nonexempt material, we have no further judicial function to perform under the FOIA.") (quoting *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982)). *See also Kissinger v. Reporters Comm. for Freedom of the Press*, 100 S. Ct. 960, 968 (1980) ("Under 5 U.S.C. § 552(a)(4)(B) federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'"). Thus the issue here is whether defendant has complied with plaintiff's FOIA request.

To comply with a FOIA request, an agency is required to execute a search that is "reasonably calculated to uncover all relevant documents." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). Thus the question is not whether the agency has found every possible responsive document, but whether the search was reasonable in light of the relevant circumstances. *See Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) ("[T]he adequacy of a FOIA search is generally determined not by the fruits of the search,

but by the appropriateness of the methods used to carry out the search.") (citing *Steinberg v. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994)).

In assessing the adequacy of an agency's FOIA search, the Court can rely on agency declarations provided they are "relatively detailed[,] nonconclusory[,] and . . . submitted in good faith." *Weisberg*, 705 F.2d at 1351 (internal quotations and citations omitted). The declarant need not have direct firsthand knowledge of the search, but she must have authority over and responsibility for the search itself. *See Safecard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) ("[The person] in charge of coordinating the [agency's] search . . . is the most appropriate person to provide a comprehensive affidavit.").

### B.   Adequacy of Search

Defendant's search of ACR records and its search of records at the Vice President's residence was adequate, and plaintiff's action is moot as to those searches. However, because defendant's WAVES search was inadequate, the WAVES records still present a live controversy.

#### 1.   White House Records: ACR Records and WAVES Records

Defendant's search of ACR and WAVES records pursuant to defendant's FOIA request is similar to the search conducted for the other FOIA request in this consolidated case. In ruling on defendant's motion to dismiss after that search, this Court found that defendant's ACR records search was sufficient to eliminate the case or controversy, but that its WAVES records search was not. *See* Mem. Op. [53] (Sept. 30, 2008). The Court reaches the same conclusion here.

Based on its good-faith declaration, defendant's ACR records search was reasonably calculated to produce all responsive records. Defendant's search of the ACR database was

conducted in March 2006.  (Lyerly Decl. ¶14 (Sept. 21, 2006).)  Records were searched by visitor name (*id.* ¶12) and responsive records were released to plaintiff.  There is no indication that the ACR database was incomplete.  In fact, defendant's declaration from another motion, attached to plaintiff's opposition to the current motion, indicates that as of May 17, 2006, ACR records were kept nowhere other than in the database.  (Lyerly Decl.  ¶12 (May 17, 2006) (originally filed in No. 06-310).)  The Court concludes that, as to ACR records, defendant has complied fully with plaintiff's FOIA request.

      As to WAVES records, however, there is still a live controversy.  Defendant has not yet complied with plaintiff's FOIA request because defendant has searched only WAVES records in its physical possession at the time of the request.  Defendant argues that because it did not physically possess some WAVES records at the time of plaintiff's request—they had already been transferred to the White House and internally deleted—those records were not subject to plaintiff's request.   To be subject to FOIA, records must be under agency "control" at the time of the FOIA request.  In determining whether records are under agency control, this Court uses a four-factor analysis.  The Court considers "(1) the intent of the document's creator to retain or relinquish control over the records; (2) the ability of the agency to use and dispose of the record as it sees fit; (3) the extent to which agency personnel have read or relied upon the document; and (4) the degree to which the document was integrated into the agency's record system or files."  *Burka v. U.S. Dep't of Health & Human Servs.*, 87 F.3d 508, 515 (D.C. Cir. 1996) (internal quotations and citations omitted).

      In another opinion in this consolidated case, the Court determined that WAVES records transferred to the White House and deleted internally remain under the "control" of the agency.

*See* Mem. Op. [53] (Sept. 30, 2008). Because of the many similarities between that WAVES search and this one, the Court does not repeat its analysis here. But the conclusion here is the same: the transferred and deleted WAVES records remain under defendant's control. Defendant must search all WAVES records under its control before it can argue that it has complied with plaintiff's request.[3]

### 2.    Records for the Residence of the Vice President

Defendant's declaration provides enough detail for the Court to conclude that defendant has fully complied with plaintiff's request as to the records searched for visits to the Vice President's residence. Defendant's declarations describe the four records systems searched—the Secret Service file system on location, the Microsoft Outlook systems on command center computers, the access list database system for gate access, and handwritten entry logs—and the ways in which each was searched. Plaintiff does not claim that this search, or defendant's description of it, is deficient. Defendant's declaration is relatively detailed, nonconclusory, and apparently in good faith. Because defendant has complied with plaintiff's FOIA request in this respect, plaintiff's challenge as to these particular records is moot.

### C.    Plaintiff's Request for Discovery

In its opposition, plaintiff asks the Court to allow discovery into defendant's record-keeping practices. In particular, plaintiff seeks to depose individuals responsible for defendant's

---

[3]Because the Court can deny defendant's Motion to Dismiss on the basis of defendant's insufficient WAVES search alone, it does not reach the question of whether defendant properly redacted information from individual responsive WAVES records before releasing them to plaintiff.

searches, as well as witnesses from the National Archives and Records Administration and the White House Office of Records Management. The Court does not see the need for discovery here.

Discovery is not common in FOIA cases, especially when agency declarations demonstrate the adequacy of a search. However, discovery can be allowed at the Court's discretion when it appears that the government has acted in bad faith. *See Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). Plaintiff cites a few purported instances of bad faith, but the Court is not convinced. Defendant's declarations do demonstrate that the ACR and Vice President's residence searches were adequate and that the WAVES search was not. Accordingly, absent sufficient evidence of bad faith, the Court in its discretion will not allow discovery.

### III. CONCLUSION

Defendant's declarations demonstrate that its search of the ACR records system at the White House was adequate, as was its search of visitor records at the Vice President's residence. Accordingly, plaintiff's action as to these searches is moot. However, defendant's search of the White House WAVES records system was inadequate because it did not cover all records under defendant's control. The WAVES search still presents a live controversy, and defendant's motion to dismiss cannot be granted in full.

A separate order shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on September 30, 2008.