**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-310 (RCL) |
| UNITED STATES SECRET SERVICE, | ) | |
| Defendant. | ) | |
| | ) | |
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-883 (RCL) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Presently before the Court is defendant U.S. Department of Homeland Security's Supplemental Motion [75] for Summary Judgment on Claims I–III.[1] Plaintiff Citizens for Responsibility and Ethics in Washington's ("CREW's") Claims I–III allege that the Department

---

[1] Defendant's Motion [75] was filed under Civil Action No. 06-883. No. 06-883 was then consolidated with No. 06-310 and, pursuant to the consolidation order, the opposition and reply were filed under No. 06-310. But because the motion was filed prior to consolidation, the filings only address plaintiff Citizens for Responsibility and Ethics in Washington and defendant U.S. Department of Homeland Security.

1

violated the Freedom of Information Act by (I) failing to release records requested by CREW, (II) failing to respond to CREW's request within the twenty-day statutory period, and (III) failing to grant CREW's request for expedited response.  Because defendant's search is inadequate and its claimed exemptions are unconvincing, the motion shall be denied.

### I. BACKGROUND

In early 2006 plaintiff CREW made a Freedom of Information Act ("FOIA") request of defendant U.S. Department of Homeland Security seeking records of visits by eight named individuals[2] to the White House or the residence of the Vice President.  (2d Am. Compl. ¶ 24.) After receiving no conclusive response from defendant within the twenty-day statutory period provided by FOIA, plaintiff filed suit.  (*Id.*)  In responding to plaintiff's request, defendant originally searched records systems at the White House complex (called "ACR records" and "WAVES records") and the Vice President's residence.  Defendant located some responsive records and released them to plaintiff.  (Lyerly Decl. (Sept. 21, 2006).)

Plaintiff later identified other categories of records that could contain records responsive to plaintiff's request, including "Sensitive Security Records."  (2d Morrissey Decl. ¶3 (Dec. 11, 2007).)  Sensitive Security Records are created for "certain visitors, who are chosen . . . based on certain details in their backgrounds and/or the circumstances of their visits."  (*Id.*)  Sensitive Security Records include both personal information on the visitor, including criminal/security history, and specific circumstances surrounding the visit.  (*Id.*)  Defendant acknowledges the

---

[2]The eight individuals were Jack Abramoff, Michael Scanlon, Neil Volz, Tony Rudy, Shawn Vassell (as spelled in plaintiff's request), Kevin Ring, Edwin Buckham, and Patrick Pizzella.

existence of one or more Sensitive Security Records but refuses to give any more information or release the records, citing security concerns. (Suppl. Mot. for Summary Judgment 10–19.)

## II. DISCUSSION

### A.   Legal Standard for Summary Judgment

Summary judgment should be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment bears the initial burden of production as to the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine issue of material fact exists if the evidence, viewed in the light most favorable to the nonmoving party, "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). But a genuine issue requires more than "a scintilla of evidence" supporting the nonmoving party; "there must be evidence on which the jury could reasonably find" for the nonmoving party. *Id.* at 252.

In a FOIA case, summary judgment can be awarded based on information provided by the agency in affidavits or declarations. *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Agency affidavits or declarations establishing the adequacy of a search must be "relatively detailed and non-conclusory." *SafeCard Servs. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). Such affidavits or declarations "are accorded a presumption of good faith." *Id*. "An agency must demonstrate that 'each document that falls within the class requested either has been

produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements.'" *Long v. Dep't of Justice*, 450 F. Supp. 2d 42, 54 (citing *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978) (internal citation and quotation omitted)).

B.   **Adequacy of Defendant's Original Search**

Summary judgment cannot be granted as to the adequacy of defendant's original search. In its order today partially denying defendant's Motion [45] to Dismiss, the Court explained that defendant's search cannot be considered adequate until it covers all records under agency "control" at the time of plaintiff's FOIA request. *See* Mem. Op. [57] (Sept. 30, 2008). This includes WAVES records which have been transferred to the White House and deleted internally. Because defendant's search thus far has not covered those records, defendant cannot win as a matter of law and thus cannot obtain summary judgment.

C.   **Sensitive Security Records**

Plaintiff claims that Sensitive Security Records are categorically protected from disclosure by FOIA Exemptions 2, 7(E), and 7(F). Defendant also makes a "Glomar response," refusing to reveal basic details about responsive Sensitive Security Records on the premise that doing so would necessarily reveal information protected by exemptions.[3] The Court today issued

---

[3] In a Glomar response, an agency typically refuses to confirm or deny the existence of responsive records. *See Phillippi v. CIA*, 546 F.2d 1009 (D.C. Cir. 1976) (approving such a response by the CIA regarding the secret "Glomar Explorer" vessel). Here defendant acknowledges the existence of one or more responsive records, but refuses to give any more information (such as the exact number of responsive records). Because both plaintiff and defendant characterize this as a Glomar response, the Court will treat it as one.

another opinion in the consolidated case that rejects nearly identical usage of all three exemptions as well as the Glomar response. *See* Mem. Op. [55] (Sept. 30, 2008). For the same reasons stated in that case, defendant's Glomar response and exemptions claimed here are not appropriate, nor do they provide grounds for summary judgment.[4]

Also at issue are defendant's proposed redactions were it to release Sensitive Security Records. Defendant seeks to redact from each record the visitor's social security number, the visitor's date of birth, and the name of the individual requesting White House access for the visitor, citing privacy concerns. (Ulmer Decl. ¶ ¶27, 29–31.) Plaintiff does not contest the redaction of visitor social security numbers and dates of birth. (Opp'n 8 n.12.) Plaintiff does contest defendant's proposed redaction of the White House pass holder who requested access for each visitor.

The Court agrees that defendant's redaction would be improper. Defendant justifies the redaction with FOIA Exemptions 6 and 7(C), which protect personal privacy. *See* 5 U.S.C. § 552(b)(6) (protecting "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy"); 5 U.S.C. § 552(b)(7)(C) (protecting law enforcement records for which disclosure "could reasonably be expected to

---

[4]Defendant's arguments here differ from those in the other motion in one ultimately insignificant way. Defendant cites *Schwarz v. U.S. Department of Treasury*, 131 F. Supp. 2d 142, in support of its Exemption 2 and Exemption 7(E) claims. (Reply at 14–18.) In *Schwarz*, the agency withheld specific parts of records, releasing the nonexempt portions. *Schwarz*, 131 F. Supp. 2d at 150 ("The Secret Service . . . withh[e]ld portions of those records such as a code name for a Secret Service vehicle, White House gate numbers, information concerning personal characteristics used by the Secret Service in evaluating the dangerousness of a subject and the threat potential to individuals protected by the Secret Service."). But defendant here seeks to withhold entire visit records, including innocuous information such as visitor name, date of visit, etc. Because *Schwarz* does not in fact support defendant's position, it does not affect the Court's conclusion.

constitute an unwarranted invasion of personal privacy"). Defendant claims that there is "little public interest" in that information, but that its release could "caus[e] [those persons] public attention or subject [them] to unnecessary and unwanted conduct." (*Id.* ¶30.) Setting aside the statement's internal inconsistency, there does seem to be public interest in this information. Requester names would shed light on why the visitor came to the White House, which is exactly the type of information plaintiff seeks. Defendant recognizes this in its reply: "[R]eleasing the identity of the person requesting access would enable CREW to ascertain information about the person visited, because the name of a staff member can usually be tied to a specific senior government official for whom the staff member works." (Reply 20 n. 13.) The claimed FOIA Exemptions protect only against "unwarranted" invasions of personal privacy. Given the public interest in the information and the relatively minor privacy invasion associated with this disclosure, the Court does not consider release of the requester's name to be within the scope of either Exemption 6 or Exemption 7(C).

### III. CONCLUSION

Defendant's motion for summary judgment shall be denied. Defendant has not made an adequate search, and defendant's rationales for its claimed exemptions for Sensitive Security Records are unconvincing.

A separate order shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on September 30, 2008.